■ Astoria Bedding, Mr. Sleeper Bedding Center, Inc., Appellant, v Northside Partnership, Respondent. [657 NYS2d 796] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 13, 1996 in Albany County, which, *inter alia*, granted defendant's cross motion for summary judgment and made a declaration in its favor.

The facts are undisputed. Plaintiff, on May 11, 1993, entered into a 10-year commercial lease with defendant's predecessor in title which provided that it would use the leased premises "only" for the purpose of conducting and operating a retail bedding, home furnishings and accessory business. The lease further provided that plaintiff had the right to sublet subject to the written approval of the landlord, which would "not be unreasonably withheld". Thereafter, the premises were sold and plaintiff's lease assigned to defendant. In May 1995, conditioned upon obtaining defendant's consent, plaintiff agreed to sublet the premises to the Lake Group, Ltd., the operator of a packaging and mailing service. Defendant refused to consent on the ground that Lake Group's proposed use of the premises did not conform to the use permitted under the lease.

Plaintiff promptly commenced this declaratory judgment action seeking a declaration, *inter alia*, that defendant's refusal

to consent was unreasonable. After issue was joined, both parties moved for summary judgment. Supreme Court granted defendant's cross motion for summary judgment, finding its conduct reasonable because the inclusion of the word "only" in the purpose clause manifested the parties' intent that the use of the premises be limited to a retail bedding establishment.

We have recognized that landlords have the right to control the uses to which their property may be put and where a lease expressly limits and restricts the use of property to a specific purpose, such provision will be given effect (*see*, *Kem Cleaners v Shaker Pine*, 217 AD2d 787, 788). However, this principle does not necessarily apply with equal force to covenants seeking to limit the right to assign or sublet since such covenants are restraints on the free alienation of land which courts do not favor (*see*, *Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 69). Accordingly, "[t]hey are construed with the utmost jealousy, and very easy modes have always been countenanced for defeating them" (*Riggs v Pursell*, 66 NY 193, 201). Moreover, where a landlord affirmatively promises not to unreasonably withhold its consent, its refusal can only be based upon a consideration of objective factors, such as the financial responsibility of the subtenant, the subtenant's suitability for the particular building, the legality of the proposed use and the nature of the occupancy, i.e., office, factory, retail (*see*, *F.H.R. Auto Sales v Scutti*, 144 AD2d 956, 958; *Ontel Corp. v Helasol Realty Corp.*, 130 AD2d 639, 640; *American Book Co. v Yeshiva Univ. Dev. Found.*, 59 Misc 2d 31, 33).

In our view, defendant's sole reliance on the purpose clause of the lease as its justification for withholding consent cannot be deemed reasonable as a matter of law. Applying the rule of strict construction, we do not construe plaintiff's right to sublet as being contractually limited to those engaged in the retail bedding business since there is no express language to that effect in the pertinent covenants of the lease (paragraphs Ninth and Thirteenth), nor is the purpose clause expressly incorporated therein. Accordingly, defendant was not entitled to summary judgment since, while Lake Group's proposed use of the premises may have provided defendant with objective reasons for withholding its consent, none appear in the record.*

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to

---

* Defendant in its affidavit advances other reasons for withholding its consent. We have not considered them since its letter, dated June 1, 1995, clearly establishes that its consent was withheld due to the proposed use of the premises.

plaintiff, by reversing so much thereof as granted defendant's cross motion; cross motion denied; and, as so modified, affirmed.