**Michael RING and Frank Ring, as tenants in common, Plaintiffs,**

v.

**MPATH INTERACTIVE, INC., HearMe, and GameSpy Industries, Inc., Defendants.**

**No. 01 Civ. 11329(VM).**

United States District Court, S.D. New York.

Feb. 17, 2004.

Kieran Xavier Bastible, David A. Piedra, Morrison Cohen Singer & Weinstein, LLP, New York, NY, for Frank Ring.

Jeffrey Klarsfeld, Silberman & Platte, PC, New York, NY, Robert D. Lillienstein, Baer, Marks & Upham, LLP, New York, NY, for HearMe and GameSpy Industries, Inc.

## DECISION AND ORDER

MARRERO, District Judge.

In this diversity action, plaintiffs Michael and Frank Ring (the "Rings") leased commercial space (the "Premises") to defendant HearMe. Defendant GameSpy Industries, Inc. ("GameSpy") purchased a large portion of HearMe's assets, including the business conducted at the Premises. HearMe attempted to assign its lease to GameSpy, but the Rings resisted. GameSpy eventually vacated the Premises before the end of the lease term. The Rings move the court for partial summary judgment and argue that either HearMe or GameSpy owes them the unpaid rent through the end of the lease term. HearMe and GameSpy, also moving for summary judgment, point the finger at one another as to who is bound by the lease, but they agree that no rent is due beyond the time period during which GameSpy's business occupied the Premises. Partially resolving all three motions for summary judgment, the Court concludes that, although the Rings did not waive their right to withhold consent to assignment of the lease, the Rings unreasonably withheld that consent, in violation of the lease. The Court will determine the remedy for such breach by later submissions, or at trial.

## I. BACKGROUND[1]

In June 1999, HearMe (then known as Mpath Interactive, Inc.) leased the Premises, comprising commercial space on 23rd

---

1. The factual summary derives from (1) the affidavit of Frank Ring, dated December 5, 2003 ("Ring Aff."); (2) the affidavits of Mark Surfas, dated December 3, 2003 and December 30, 2003; (3) the affidavit of Robert D. Lillienstein, dated December 5, 2003; (4) the declarations of Kieran X. Bastible, dated December 24, 2003 and January 16, 2004; and (5) the affidavit of Ruth C. Haber, dated December 24, 2003, as well as the exhibits attached to those documents. Except where necessary, the Court will not cite these sources further.

Street in Manhattan, from the Rings for a five-year term (the "Lease"). In January 2001, GameSpy purchased certain HearMe assets, including the internet gaming media business HearMe conducted at the Premises. GameSpy did not alter in any way the business on the Premises – the same employees conducted the same business as before, except under new ownership. Later that month, HearMe wrote a letter to the Rings purporting to assign its lease to GameSpy. The Rings responded with a letter notifying HearMe that it considered the purported assignment to violate the Lease. The letter also requested that HearMe provide the Rings certain financial information from GameSpy.

The Lease requires the Rings' consent to any assignment, and it permits the Rings to cancel the Lease altogether within 60 days of any assignment request. However, the Lease states that, if the Rings have not cancelled within the 60–day window, and if the tenant provides the name and reasonable financial information of the proposed assignee, the Rings may not unreasonably withhold their consent to the assignment.[2]

In the following months, the Rings attempted to negotiate an independent lease with GameSpy for a higher monthly rent, instead of an assignment. HearMe continued to pay rent for February, March and April 2001. GameSpy also tendered rent checks for those same months, as well as for May and June 2001, but the Rings never cashed GameSpy's checks. Negotiations for a new lease with GameSpy were not successful, and at some point in the summer of 2001, Frank Ring went to the Premises and, allegedly in loud, abusive language, told GameSpy employees that they had no right to occupy the Premises, and that their rent checks (which the Rings had not cashed) were insufficient. In August 2001, the Rings wrote a letter to GameSpy stating that they would accept the checks tendered, "under protest and without prejudice to [their] rights." Ring Aff. Ex. H. The letter stated that the payments would be accepted only "as use and occupancy for the premises," not as the basis for a landlord-tenant relationship. *Id.* The letter suggested that the Rings would initiate eviction proceedings, unless the parties could agree on a suitable lease agreement. *Id.*

GameSpy vacated the Premises one week later and stopped payment on the rent checks it had tendered to the Rings. The Rings assert that, despite their best efforts, they have not been able to re-lease the Premises.

## II. STANDARD FOR A SUMMARY JUDGMENT MOTION

The Court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

---

2. The relevant portions of the Lease are as follows:

   If Tenant requests Landlord's consent to an assignment of this lease ..., such request shall be made in writing and sent to Landlord by certified mail, return receipt requested. Upon the receipt of such request from Tenant, Landlord shall have an option, to be exercised in writing, within sixty (60) business days after such receipt, to cancel and terminate this lease.

   ...
   In the event that Landlord shall not exercise its option to cancel this lease ..., the Landlord's consent to such request shall ... not be unreasonably be withheld ..., provided that Tenant shall submit to Landlord the name of the proposed assignee ... and such information as to its financial responsibility and standing as Landlord may require....
   Ring Aff. Ex E at 52.

ty is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must first look to the substantive law of the action to determine which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Even if the parties dispute material facts, summary judgment will be granted unless the dispute is "genuine." *Id.* at 249, 106 S.Ct. 2505. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252, 106 S.Ct. 2505.

Throughout this inquiry, the Court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in favor of that party. *See Hanson v. McCaw Cellular Communications, Inc.,* 77 F.3d 663, 667 (2d Cir.1996).

### III. *DISCUSSION*

■ All three summary judgment motions depend, at least in part, upon whether HearMe's purported assignment of the Lease to GameSpy was valid. The Lease requires that the Rings consent to any assignment, and it is undisputed that they did not formally do so. HearMe first argues that the Rings waived their right to withhold consent because their actions – accepting rent from HearMe and GameSpy and permitting GameSpy to remain on the Premises for over five months – amounted to a waiver of the Rings' right to withhold consent. The Court disagrees.

■ Under New York law, waiver occurs where there "is an intentional abandonment or relinquishment of a known right or advantage which, but for such

waiver, the party would have enjoyed." *Alsens American Portland Cement Works v. Degnon Contracting Co.,* 222 N.Y. 34, 118 N.E. 210 (1917). Waiver is "essentially a matter of intention." *Id.* When a landlord accepts rent from a tenant while knowing of a lease violation which would otherwise permit the landlord to terminate the tenancy, New York courts normally deem the violation waived. *See, e.g., Woollard v. Schaffer Stores Co.,* 272 N.Y. 304, 5 N.E.2d 829, 832 (1936). The "primary reason" for such a rule is the inconsistency inherent in the landlord's treating the tenant as both a tenant (in accepting rent) and as a trespasser (in maintaining the right to terminate the tenancy). *See Jefpaul Garage Corp. v. Presbyterian Hosp.,* 61 N.Y.2d 442, 474 N.Y.S.2d 458, 462 N.E.2d 1176, 1178 (1984).

■ However, a waiver may not be inferred from the landlord's acceptance of rent when, by the terms of a lease's "no-waiver" clause, the parties "have expressly agreed otherwise." *Id.* In other words, "the parties to a commercial lease may mutually agree that conduct, which might otherwise give rise to an inference of waiver, shall not be deemed a waiver of specific bargained for provisions of a lease." *Excel Graphics Technologies, Inc. v. CFG/ AGSCB 75 Ninth Ave., L.L.C.,* 1 A.D.3d 65, 767 N.Y.S.2d 99, 103 (1st Dep't 2003). Allowing an inference of waiver under such circumstances would effectively render meaningless a part of the lease. *Id.*

In this case, the parties agreed to a no-waiver clause in the Lease, which states:

> The receipt by Owner of rent with knowledge of the breach of any covenant of this lease shall not be deemed a waiver of such breach and no provision of this lease shall be deemed to have been waived by Owner unless such waiver be in writing signed by Owner.... Accep-

tance by Owner of rent from anyone other than Tenant shall not be deemed ... as a consent by Owner to an assignment ... to such payor....

Ring Aff. Ex E at 48. By the unambiguous terms of this no-waiver provision, the Court will not construe the Rings' acceptance of the GameSpy checks as a waiver of their right to withhold consent to the assignment. *See Jefpaul Garage,* 474 N.Y.S.2d 458, 462 N.E.2d at 1178; *Excel Graphics,* 767 N.Y.S.2d at 103.

HearMe points out that "parties may waive a 'no-waiver' clause," *Lee v. Wright,* 108 A.D.2d 678, 485 N.Y.S.2d 543, 544 (1st Dep't 1985), and argues that the Rings' overall conduct, beyond the mere acceptance of rent, was sufficient as a matter of law to overcome the no-waiver clause and thereby waive the Rings' right to withhold consent. The record evidence is completely at-odds with this assertion. First, the Rings immediately informed HearMe that it considered the assignment to violate the terms of the Lease. Second, the Rings cashed rent checks only from HearMe, the party whom they thought bound by the Lease; the Rings did not cash the rent checks from GameSpy. Third, the fact that the Rings engaged GameSpy in long negotiations for a separate and more expensive lease suggests that the Rings considered themselves to have some bargaining power in those negotiations—*i.e.,* the right to decline the assignment request. Fourth, when those negotiations collapsed, the Rings explicitly indicated by letter that they did not consider GameSpy's checks to form the basis of a landlord-tenant relationship. Keeping in mind the importance of intent to this inquiry, *see Degnon Contracting,* 118 N.E. at 210, and the rationale behind the waiver rules of preventing a party from clinging to inconsistent positions, *see Jefpaul Garage,* 474 N.Y.S.2d 458, 462 N.E.2d at 1178, the Court notes that the evidence clearly demonstrates the Rings' consistent and unambiguous intent to resist the purported assignment. Accordingly, the Court concludes, as a matter of law, that the Rings did not waive their right to withhold their consent to assign the Lease.

■ HearMe next argues that the Rings unreasonably withheld their consent to assign. HearMe emphasizes that the nature of the occupancy of the Premises did not change after GameSpy took over because the same employees continued running the same business in the same manner. HearMe claims that the Rings withheld their consent to the assignment only for the purpose of exacting a higher lease price from GameSpy, and they argue that this is not a reasonable justification to withhold consent under New York law. The Rings respond that they withheld consent out of their concern for GameSpy's ability to pay, and they point out that "the financial condition of the proposed assignee" is one factor explicitly mentioned in the lease as a reason to withhold consent. Ring Aff. Ex E at 52. The Court concludes that there is no admissible record evidence of a reasonable explanation for the Rings to withhold their consent to assign, and that, therefore, the Rings breached the Lease in this regard.

■ Under New York law, "[t]he party seeking to enforce a contractual obligation generally bears the burden of proof with respect to a condition precedent." *Rachmani Corp. v. 9 East 96th Street Apartment Corp.,* 211 A.D.2d 262, 629 N.Y.S.2d 382, 386 (1st Dep't 1995). Applying that principle to the Lease at issue here, HearMe bears the burden to show the condition precedent – that the Rings were *unreasonable* in withholding consent – because it is HearMe that seeks to enforce the Rings' obligation to consent to the assignment.

Although New York law permits landlords to restrict the right of assignment, such covenants are disfavored and "construed with the utmost jealousy." *See Riggs v. Pursell*, 66 N.Y. 193, 201 (1876). "[W]here a landlord affirmatively promises not to unreasonably withhold its consent, its refusal can only be based upon a consideration of *objective* factors," such as the assignee's financial status, and the proposed use and nature of the new occupancy. *Astoria Bedding, Mr. Sleeper Bedding Center Inc. v. Northside P'ship*, 239 A.D.2d 775, 657 N.Y.S.2d 796, 797 (3d Dep't 1997) (emphasis added).

In this case, HearMe correctly points out that there is nothing in the record to suggest that the Rings had a legitimate reason to withhold consent. GameSpy's CEO testified at his deposition that the Rings never alerted him to any objection to GameSpy's occupancy, nor any objection to GameSpy's financial condition. It is undisputed that the nature of the occupancy remained the same. The Rings *only* asserted reason for withholding consent is that they believed GameSpy would be a financial risk. The only evidence for this assertion, however, is the affidavit of Frank Ring, which states that some unspecified GameSpy documents showed that GameSpy "was losing money, but had some cash in the bank." Ring. Aff. ¶ 9. Those documents are not attached to the affidavit, nor is there any further explanation of how GameSpy would be a financial risk. Under Federal Rule of Civil Procedure 56, a summary judgment affidavit must set forth "such facts as would be admissible in evidence," and "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Fed.R.Civ.P. 56(e). Under that Rule, the unsubstantiated assertion that some unspecified documents showed GameSpy to be a risk is insufficient. HearMe has met its burden to demonstrate that the Rings' withholding of consent was unreasonable, and, because the Rings failed to respond with "specific facts showing that there is a genuine issue for trial," *Id.*, the Court concludes that, as a matter of law, the Rings' violated the terms of the Lease by unreasonably withholding their consent to assignment. The Court notes additionally that the Rings' desire for a more favorable lease with GameSpy is not a reasonable ground to withhold consent to assignment because, if such grounds were sufficient, landlords could render a "reasonable consent" provision meaningless merely by demanding independent negotiations for a lease on different terms with the potential assignee. Conceptually, such a practice would be incompatible with one of the defining principles of any assignment: that the assignee steps into the shoes of the assignor and assumes whatever title and interests, rights and obligations the assignor possesses and may transfer whole pursuant to the governing property instrument. *See In re Stralem*, 303 A.D.2d 120, 758 N.Y.S.2d 345, 347 (2d Dep't 2003). Because the parties here have not sufficiently addressed the question of the proper remedy for such a breach, the Court will reserve that determination for later submissions, or for trial.

The parties concede that the Rings are owed at least some rent for the period of February through August 2001, though no party attempts to apportion that liability as between HearMe and GameSpy, nor does any party attempt to specify an amount. Accordingly, those determinations will also be made upon later submissions, or at trial.

## IV.  *ORDER*

For the stated reasons, it is hereby

ORDERED that the motions of defendants GameSpy Industries, Inc. ("GameSpy") and HearMe (collectively, "Defendants") for partial summary judgment declaring that they are not liable for rent owing to plaintiffs Michael and Frank Ring (the "Rings") pertaining to the lease (the "Lease") of the commercial premises at 30 E. 23rd St., Eighth Floor, New York, New York, 10011 (the "Premises") for the period beyond August 9, 2001 are granted in part and denied in part. The Rings did not waive their right to withhold consent to assign the Lease, but the Rings breached the Lease by unreasonably withholding their consent to assign the Lease. In all other respects, the motions are denied; it is further

ORDERED that the Rings' motion for partial summary judgment is granted in part and denied in part. Defendants are liable to the Rings for unpaid rent pertaining to the Premises accruing on and before August 9, 2001. The amount and apportionment of that liability will be determined upon later submissions or at trial. The Rings did not waive their right to withhold consent to assign the Lease, but the Rings breached the Lease by unreasonably withholding their consent to assign the Lease. In all other respects, the motion is denied; and it is finally

ORDERED that the parties appear at a final pre-trial conference with the Court on February 20, 2004 at 3:30 p.m. to schedule further proceedings.

**SO ORDERED.**