**Michael RING and Frank Ring, Tenants in Common, Plaintiffs–Counter–Defendants–Appellants–Cross–Appellees,**

v.

**MPATH INTERACTIVE, INC., Gamespy Industries, Inc. and Hearme, Defendants–Counter–Claimants–Appellees–Cross–Appellants.**

Nos. 04–3170–CV(L), 04–3400–CV(XAP), 04–3403–CV(XAP).

United States Court of Appeals, Second Circuit.

May 6, 2005.

502

David A. Piedra, Morrison Cohen Singer & Weinstein, LLP, New York, New York, for Plaintif fs-Counter-Defendants-Appellants-Cross-Appellees.

Robert D. Lillienstein, Moses & Singer LLP, New York, New York, for Defendant–Counter–Claimant–Appellee–Cross–Appellant Hearme, f/k/a MPath Interactive, Inc.

Jeffrey Klarsfeld, Platte, Klarsfeld, Levine & Lachtman, LLP, New York, New York, for Defendant–Appellee–Cross–Appellant Gamespy Industries, Inc.

Present: NEWMAN, McLAUGHLIN and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment be AFFIRMED.

On cross motions for summary judgment in this action arising from the parties' dispute regarding their respective rights and obligations under a commercial lease, the District Court (i) partially granted the motion of Plaintiffs Michael Ring and Frank Ring (together "Landlord"), holding that Landlord did not waive the right to withhold consent to assignment of the lease and (ii) partially granted the motions of the Defendant Hearme ("Tenant") and Defendant Gamespy Industries, Inc. ("Assignee") (collectively, "Defendants"), holding that Landlord unreasonably refused to consent to the assignment. Following entry of final judgment, which awarded Landlord accrued rent for the period during which Assignee occupied the subject premises and dismissed all other claims, all parties appealed. Familiarity with the facts, the procedural history and the issues on appeal is assumed.

We review the District Court's summary judgement decision *de novo,* viewing the evidence in the light most favorable to the opposing party and affirming if there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. *See, e.g., Kapps v. Wing,* 404 F.3d 105, 112 (2d Cir.2005).

New York substantive law, which governs this diversity action, disfavors restrictions on assigning or subletting. *See, e.g., Rowe v. Great Atl. & Pac. Tea Co., Inc.,* 385 N.E.2d, 566, 570, 46 N.Y.2d 62, 69, 412 N.Y.S.2d 827, 831 (N.Y.1978). Accordingly, any such lease provisions are to be construed strictly. *Id.* In that regard, where a landlord promises that consent to assignment will not be withheld unreasonably, the refusal to consent must be based on a consideration of objective factors, for example, the financial condition of the proposed assignee and the nature and suitability of its use of the premises. *See, e.g., Astoria Bedding v. Northside P'ship,* 239 A.D.2d 775, 776, 657 N.Y.S.2d 796, 797 (3d Dep't 1997).

■ Assuming the District Court correctly granted partial summary judgment to Landlord, ruling that it had not waived its right to refuse consent to the assignment, our review of the record confirms that Landlord had no reasonable grounds to justify withholding that consent. Accordingly, the District Court properly resolved that issue in Defendants' favor as a matter of law. Defendants, as the party seeking to hold Landlord to an obligation to consent to the proposed assignment, fulfilled the burden to demonstrate that nothing in the record evidenced reasonable grounds for refusing consent. *See Rachmani Corp. v. 9 East 96th St. Apt. Corp.,* 211 A.D.2d 262, 269, 629 N.Y.S.2d 382, 386 (1st Dep't 1995). In response, the only evidence that Landlord offered to support the sole alleged basis for rejecting the

assignment is insufficient for purposes of Fed.R.Civ.P. 56.

Landlord asserts that Assignee's financial condition was questionable but seeks to establish the alleged deficiency with the affidavit statement of Plaintiff Frank Ring, which represents only that documents received by Landlord "evidence a company that was losing money, but had some cash in the bank." Ring's conclusory allegation is not sufficient to overcome summary judgment. *See, e.g., D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir.1998). Nor does Landlord's showing satisfy the requirement of Rule 56(e) that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Landlord did not provide copies of the documents to which Ring referred. To establish a triable issue, Landlord is required to "do more than simply show that there is some metaphysical doubt as to the material facts" and to present " 'specific facts showing that there is a *genuine issue for trial.*' " *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting and adding emphasis to Rule 56(e)).

■ Landlord also argues that, because of defects in the notice of assignment, it was not obligated to give its reasonable consideration to the assignment. We reject this argument both because it was not raised below and because Landlord waived any technical defects by electing to consider the assignment.

Summary judgment following discovery is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Land-

lord failed to demonstrate the existence of any reasonable justification for withholding consent to Tenant's assignment of the lease to Assignee.

The judgment of the District Court is hereby AFFIRMED.