■ WILLIAM S. KENNEY et al., Appellants, v EDDYGATE PARK ASSOCIATES, Doing Business as EDDYGATE PARK APARTMENTS, et al., Respondents. [797 NYS2d 581]—

Carpinello, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered September 3, 2004 in Tompkins County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff William S. Kenney (hereinafter plaintiff) leased space in a commercial building owned by defendant Eddygate Park Associates (hereinafter defendant) for the purpose of operating a barbecue restaurant. Numerous other businesses leased space in the building, including a Chinese restaurant. Pursuant to the lease between these parties, plaintiff had the exclusive right to sell certain foods on his premises and was prohibited from selling certain other types of food, including Chinese food. The lease further provided that defendant's consent was required for any assignment of the lease; however, such consent could not be withheld unreasonably.

After his sales began to decline, plaintiff tried to sell the business. On separate occasions during the course of the lease, defendant refused to grant its consent to an assignment of the lease to operators of a Korean restaurant and a Vietnamese restaurant. When the lease expired on December 30, 2002, plaintiff remained as a holdover tenant for several months and was ultimately dispossessed of the premises on May 31, 2003. Within weeks thereof, defendant leased the premises to the operator of a Korean restaurant. This action ensued. At issue is an order of Supreme Court granting summary judgment to defendants and dismissing the complaint in its entirety.

Only one issue raised by plaintiffs on appeal has merit, namely, the claim that Supreme Court erred in dismissing the first cause of action seeking recovery for the alleged unreasonable withholding of consent to assign the lease. Where, as here, a landlord agrees that it will not "unreasonably withhold its consent [to an assignment of a lease,] its refusal can only be based upon a consideration of objective factors, such as the financial responsibility of the subtenant, the subtenant's suitability for the particular building, the legality of the proposed use and the nature of the occupancy, i.e., office, factory, retail" (*Astoria Bedding, Mr. Sleeper Bedding Ctr. v Northside Partnership*, 239 AD2d 775, 776 [1997]; *see Sayed v Rapp*, 10 AD3d 717, 720 [2004]). Upon our review of the record, we find that questions of fact have been raised on this issue such that summary judgment should not be awarded to either party.

For example, the record reveals that defendant withheld its consent to an assignment of the lease to the operator of the Korean restaurant because of concerns that Korean and Chinese foods were too similar and because it did not want to risk litigation by its tenant operating the Chinese restaurant in the building. The rationale underlying defendant's refusal on this occasion, however, is seriously undermined by its subsequent conduct in leasing the premises to the operator of a Korean restaurant within several weeks of plaintiff's dispossession of the premises.

The record further establishes that plaintiff was given permission to sell the business to the operator of a Vietnamese restaurant during the fall of 2002. That particular deal, however, fell through. Less than 40 days later, namely, in October 2002, the operator of yet another Vietnamese restaurant approached plaintiff about purchasing the business. At this time, defendant refused to consent to an assignment of the lease on the ground that Vietnamese food was too similar to Chinese food. No explanation was given for this sudden change in position by defendant. According to plaintiff, in an effort to consummate this sale, he provided defendant with information in November 2002 regarding the differences between Vietnamese and Chinese foods. He also agreed to place money in escrow to be used by defendant in the event of a lawsuit by the tenant operating the Chinese restaurant. Even though defendant's rental agent allegedly acknowledged to plaintiff that there was indeed a difference between such foods, defendant still refused to give its consent.

In sum, under these circumstances, we find that summary judgment was not warranted for either party on the question of whether consent was unreasonably withheld (*see Astoria Bedding, Mr. Sleeper Bedding Ctr. v Northside Partnership, supra*; *Wiggins v Fane*, 71 AD2d 1039, 1040 [1979]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the first cause of action; motion denied to that extent; and, as so modified, affirmed.