# IN THE SUPREME COURT OF IOWA

No. 07–1852

Filed February 5, 2010

**BILL VAN SLOUN d/b/a
SUPERIOR STAFFING,**

    Appellant,

vs.

**AGANS BROTHERS, INC.,**

    Appellee.

---

Appeal from the Iowa District Court for Polk County, Don C. Nickerson, Judge.

A commercial tenant appeals from an adverse ruling in a declaratory judgment action concerning a landlord's refusal to approve a subtenancy. **AFFIRMED IN PART AND REVERSED IN PART.**

N. Tre' Critelli of Nicholas Critelli, P.C., Des Moines, for appellant.

Douglas A. Fulton of Brick Gentry P.C., West Des Moines, for appellee.

**BAKER, Justice**.

This case arises from a dispute between former tenant, Superior Staffing, and landlord, Agans Brothers, Inc., over the refusal of Agans Brothers to approve a subtenancy. Superior Staffing challenges the district court's findings in a declaratory judgment action that Agans Brothers did not unreasonably withhold consent to a subtenancy. Superior Staffing claims the district court's findings of fact are not supported by substantial evidence, the court incorrectly applied the law, and the court erred in awarding Agans Brothers attorney fees.

We hold sufficient evidence exists in the record to support the district court's finding that Agans Brothers reasonably withheld its consent to the sublease and the district court applied the correct legal standard. We, therefore, affirm the district court's findings on those issues. Because we hold that Agans Brothers' failure to file an affidavit was waived, we affirm the district court's award of attorney fees for the district court proceedings; however, we hold that Agans Brothers' failure to file an affidavit precludes the award of attorney fees on appeal.

## I. Background Facts and Proceedings.

On December 5, 1997, Superior Staffing entered into a written commercial lease with landlord West University Center. This lease contained the following provision:

> 9. ASSIGNMENT AND SUBLETTING. Any assignment of this lease or subletting of the premises or any part thereof, without the Landlord's written permission shall, at the option of the Landlord, make the rental for the balance of the lease term due and payable at once. Such written permission shall not be unreasonably withheld.

Agans Brothers took over the lease as landlord. In August 2002, Superior Staffing and Agans Brothers entered into an addendum to the

original commercial lease. Under this agreement, the lease term was extended to July 31, 2007. This addendum was signed by Bill Van Sloun, on behalf of Superior Staffing, and John Agans, on behalf of Agans Brothers. The record demonstrates Van Sloun had a good working relationship with the owners of Agans Brothers.

In April 2005, Van Sloun informed Agans Brothers of his intent to purchase office space and to sublet the premises he was renting. Van Sloun understood that Agans Brothers had to consent in writing to any sublease. He further understood that, while Agans Brothers could not unreasonably withhold consent, valid reasons for refusing consent could exist.

After several months of futile efforts to obtain a new tenant, in October 2005, Van Sloun met with Madhuri Sadhu to discuss the possibility of her subletting the premises. Sadhu wanted to run an Indian grocery store on the premises that would involve preparation of some snack foods. The food preparation would require altering the premises to install kitchen equipment. The two discussed rental price for the space, and, as a result of that discussion, Van Sloun understood he would need to pay Agans Brothers $175 per month in rental payments during the remaining term of the sublease, which he was willing to do.

Van Sloun met with John Agans to discuss the sublease. Van Sloun testified that Agans indicated he would consent to the sublease but needed more information. A few days after his conversation with John Agans, Van Sloun spoke to Sadhu. She stated that Agans was not willing to rent her the space but recommended she consider renting a different property owned by Agans Brothers. Sadhu eventually leased the property recommended by Agans Brothers.

About a month after Agans Brothers refused its consent to the sublease, Superior Staffing relinquished the space to Agans Brothers and moved into the space it purchased. Superior Staffing ceased paying rent to Agans Brothers at that time. Agans Brothers continued to look for a new tenant, but, like Superior Staffing, had a difficult time finding a new tenant. Agans Brothers was not able to find a replacement tenant until March 2007.

Superior Staffing filed a declaratory judgment petition seeking a determination that its obligations under the lease were discharged because Agans Brothers unreasonably withheld its consent to the sublease. Agans Brothers counterclaimed seeking contract damages for Superior Staffing's failure to pay rent and attorney fees.

After a bench trial, the district court found that Agans Brothers' consent was reasonably withheld. Both parties filed posttrial motions, and the district court subsequently issued a ruling that modified its initial ruling. Among the issues addressed in the posttrial motions was Superior Staffing's contention that Agans had found a new tenant to rent the premises five months before the leasehold period ended. In response, the district court reduced Agans Brothers' damage award by the amount of rent for this five-month period, awarding $28,031.25 in damages. The ruling was also modified to award Agans Brothers $12,046.58 in attorney fees. Prior to requesting attorney fees, Agans Brothers did not file an affidavit as required under Iowa Code section 625.24. Iowa Code § 625.24 (2007). Superior Staffing appealed.

## II. Reasonableness of Withholding Consent.

**A. Standard of Review.** The parties disagree on the standard of review. Superior Staffing filed the case as a declaratory judgment action. The court's review of a declaratory judgment action depends upon how

the action was tried to the district court. *Passehl Estate v. Passehl*, 712 N.W.2d 408, 414 (Iowa 2006). "To determine the proper standard of review, we consider the 'pleadings, relief sought, and nature of the case [to] determine whether a declaratory judgment action is legal or equitable.' " *Id.* (quoting *Nelson v. Agro Globe Eng'g, Inc.*, 578 N.W.2d 659, 661 (Iowa 1998)). "Where there is uncertainty, a litmus test we have applied is whether evidentiary objections were ruled on by trial court." *Citizens Sav. Bank v. Sac City State Bank*, 315 N.W.2d 20, 24 (Iowa 1982); *accord Passehl*, 712 N.W.2d at 414. If so, the action is one in law. *Passehl*, 712 N.W. at 414 n. 6; *Stanley v. Fitzgerald*, 580 N.W.2d 742, 744 (Iowa 1998). Another indication that the action is a legal one is the parties' filing of motions normally made in legal actions. *See Citizens Sav. Bank*, 315 N.W.2d at 24. Further, a trial court generally issues a "decree" in an equitable action and a "judgment" in a legal action. *See id.*

It is not significant that the action was brought as a declaratory judgment action. *See Passehl*, 712 N.W.2d at 414. The relief requested by Superior Staffing was a court declaration that its obligations under the lease agreement with Agans Brothers were discharged by Agans Brothers' breach. Agans Brothers brought a counterclaim for contract damages based on Superior Staffing's breach of the lease.

"Generally, an action on contract is treated as one at law." *Atlantic Veneer Corp. v. Sears*, 232 N.W.2d 499, 502 (Iowa 1975). Where the basic rights of the parties derive from the nonperformance of a contract, where the remedy is monetary, and where the damages are "full and certain, remedies are usually provided by actions at law, and equity has no jurisdiction." *Berry Seed Co. v. Hutchings*, 247 Iowa 417, 422, 74 N.W.2d 233, 237 (1956). "If . . . both legal relief and equitable relief are

demanded, the action is ordinarily classified according to what appears to be its primary purpose or its controlling issue." *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa Ct. App. 1979).

The essential character of both Superior Staffing's petition and Agans Brothers' counterclaim involved breach of contract claims. The controlling issue below was which party breached the contract. At trial, the court ruled on objections. In addition, the court issued a ruling and judgment entry, not a decree.

In view of these factors, we find that the case was tried at law, and the scope of review is for errors at law. Iowa R. App. P. 6.907 (2009); *Johnson v. Kaster*, 637 N.W.2d 174, 177 (Iowa 2001). Under this standard of review, the trial court's findings carry the force of a special verdict and are binding if supported by substantial evidence. *Johnson*, 637 N.W.2d at 177. We are not, however, bound by the trial court's legal conclusions. *Am. Family Mut. Ins. Co. v. Petersen*, 679 N.W.2d 571, 575 (Iowa 2004).

**B. Legal Standards.** "Because leases are contracts as well as conveyances of property, ordinary contract principles apply." *Walsh v. Nelson*, 622 N.W.2d 499, 503 (Iowa 2001). We first look to see what the lease provides. The lease provides that an assignment of the lease or sublet of the premises "shall not be unreasonably withheld." "Where, as here, the dispute centers on the meaning of certain lease terms, we engage in the process of *interpretation*, rather than *construction*." *Id.* (citing *Fausel v. JRJ Enters.*, 603 N.W.2d 612, 618 (Iowa 1999) (holding interpretation is a process of determining meaning of contract terms while construction is a process of determining legal effect of such terms)). "Our goal in interpreting a lease is to ascertain the meaning and intention of the parties." *Petty v. Faith Bible Christian Outreach Ctr., Inc.*,

584 N.W.2d 303, 306 (Iowa 1998).

The clause "shall not be unreasonably withheld" is not ambiguous. "If the court finds that no ambiguity exists, contract interpretation and its legal effect are questions of law for the court." *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 439 (Iowa 2008). We have not previously addressed the issue of reasonableness in a lease provision. In assessing the reasonableness of Agans Brothers' refusal, the district court applied a reasonably prudent person standard, relying on *List v. Dahnke*, 638 P.2d 824, 825 (Colo. Ct. App. 1981), for the proposition that "arbitrary consideration[s] of personal taste, convenience, or sensibility are not proper criteria for withholding consent under such a lease provision."

We note many other jurisdictions, as well as several secondary treatises, have addressed the issue and reached a similar conclusion. *E.g.*, *Norville v. Carr-Gottstein Foods Co.*, 84 P.3d 996, 1001–02 (Alaska 2004); *Kendall v. Ernest Pestana, Inc.*, 709 P.2d 837, 843 (Cal. 1985); *Golf Mgmt. Co. v. Evening Tides Waterbeds, Inc.*, 572 N.E.2d 1000, 1003 (Ill. App. Ct. 1991); 49 Am. Jur. 2d *Landlord & Tenant* § 991, at 905 (2006); Gary L. Hall, Annotation, *Construction and Effect of Provision in Lease that Consent to Subletting or Assignment Will Not Be Arbitrarily or Unreasonably Withheld*, 54 A.L.R.3d 679, 689–93 (2008). After reviewing these sources, we conclude the standard utilized by the district court is in accord with other jurisdictions that have addressed this issue, and we adopt it. *See also* Restatement (Second) of Property: Landlord & Tenant § 15.2 cmt. *g*, at 105 (1977) (declaring that in order for a reason for refusing consent to be reasonable it "must be objectively sensible and of some significance and not be based on mere caprice or whim or personal prejudice.").

In interpreting a similar reasonableness provision, the Montana

Supreme Court adopted as a standard, "conduct of a reasonably prudent person in the landlord's position exercising reasonable commercial responsibility." *Brigham Young Univ. v. Seman*, 672 P.2d 15, 18 (Mont. 1983). Similarly, the Nebraska Supreme Court held that "a lessor may withhold consent only when the lessor has a good faith and reasonable objection to assignment of the lease or subletting." *Newman v. Hinky Dinky Omaha-Lincoln, Inc.*, 427 N.W.2d 50, 55 (Neb. 1988) (citing *Kendall*, 709 P.2d at 843). We agree with the foregoing and hold that a landlord may only withhold consent under a reasonableness clause where a prudent person in the landlord's position exercising reasonable commercial responsibility has a good faith and reasonable objection to assignment of the lease or subletting.

**C. The Factor Test.** The question of whether a landlord's refusal is unreasonable is one of fact. 49 Am. Jur. 2d. *Landlord & Tenant* § 942, at 868 (2006). In making the determination that Agans Brothers did not unreasonably withhold consent, the district court considered various factors. These factors were: (1) the financial responsibility of the proposed assignees, (2) the original tenant's failure to comply with the lease conditions, (3) the original tenant's failure to indicate a willingness to remain obligated on the lease, (4) the legality of the proposed use and need for alteration of the premises, and (5) the nature of the existing use and the proposed use by the new tenant. *Id.* This list is not exhaustive. Because the reasonableness of a landlord's refusal is a fact question and case dependent, it would be impossible to list all the relevant factors that might be considered in assessing reasonableness. We focus, therefore, on whether the trial court used appropriate factors in this case. Given the facts of this case, we hold the district court appropriately considered five factors in determining whether Agans Brothers' refusal to consent to

the sublease was reasonable.

In its appeal, Superior Staffing claims the district court erred in its determination that Agans Brothers' refusal was reasonable in three respects: (1) the court did not consider the factors in the proper context, (2) it did not consider all the factors in making its determination, and (3) the court's findings of fact were not supported by substantial evidence.

Superior Staffing makes two separate claims concerning the district court's consideration of the factors it used to determine the reasonableness of Agans Brothers' refusal. The first of these claims is that the court did not consider the factors in the proper context. Specifically, Superior Staffing claims that in its recitation of the five factors, the district court "erred by eliminating a sentence which described the proper 'focus' of the factors, as was originally set forth in" the original source.[1] Superior Staffing declares that the proper focus should be "on only those factors that relate to the landlord's interest in preserving the property's value." *Id.* Superior Staffing's second claim of error is that the district court only considered the last two factors and gave no consideration to whether Superior Staffing met the other three factors.

Both of Superior Staffing's contentions can be dealt with by examining the nature of the test adopted by the district court. The five factors outlined by the district court represent a general balancing test, which the court employs to determine whether the landlord's refusal is " 'based upon a consideration of objective factors.' " *Kenney v. Eddygate*

---

[1]The district court cited to 49 Am. Jur. 2d. *Landlord & Tenant* § 942, at 868 (2006), as its source for the five factors it considered but other states have adopted similar tests. *See, e.g., Newman*, 427 N.W.2d at 54; *Kenney v. Eddygate Park Assocs.*, 797 N.Y.S.2d 581, 582 (App. Div. 2005).

*Park Assocs.*, 797 N.Y.S.2d 581, 582 (App. Div. 2005) (quoting *Astoria Bedding, Mr. Sleeper Bedding Ctr., Inc. v. Northside P'ship*, 657 N.Y.S.2d 796, 797 (App. Div. 1997)). As the Nebraska Supreme Court noted:

> The foregoing factors are neither exhaustive nor components in an arithmetical formula for reasonableness. None of the factors is weighted so that more or less weight is attributable or assigned to any particular factor utilized in evaluating a lessor's good faith or reasonableness in withholding consent to a commercial lease assignment or subletting. Additional factors may be educed in future situations involving a lessor's withholding consent in cases similar to that now reviewed by this court.

*Newman*, 427 N.W.2d at 54. Superior Staffing's assertion suggests that Sadhu's financial standing and Superior Staffing's guarantee of the rent are the only factors that should be considered. Although we acknowledge that the financial viability of the proposed new tenant and guarantee of Superior Staffing are factors to be considered, these factors, however, do not trump the factors that the district court found determinative, especially with regard to alterations to the property and uses of the property. A refusal to consent certainly may be based on financial responsibility of the subtenant. *Kenney*, 797 N.Y.S.2d at 582. It is, however, but one factor. *See Kendall*, 709 P.2d at 842; *Fernandez v. Vazquez*, 397 So. 2d 1171, 1174 (Fla. Dist. Ct. App. 1981); *Maxima Corp. v. Cystic Fibrosis Found.*, 568 A.2d 1170, 1176 (Md. Ct. Spec. App. 1990); *Ernst Home Ctr., Inc. v. Sato*, 910 P.2d 486, 493 (Wash. Ct. App. 1996).

The district court appropriately applied a general balancing test. In its application it was not required to treat each factor as a necessary component of the test, nor was it required to give certain factors more weight than others. The district court had the discretion to decide which factors to consider when determining whether Agans Brothers' refusal

was based upon objective factors. The district court did not err in focusing its analysis on the last two factors, nor in its determination that financial concerns were not the only permissible reasons to refuse the sublease.

**D. Evidentiary Analysis.** Superior Staffing also claims that the trial court's findings of fact were not supported by substantial evidence. The trial court found Agans Brothers' "concerns [were] based upon objective factors and not personal taste, convenience or sensibility," and it had "not unreasonably [withheld] its consent" to the transfer proposed by Superior Staffing. These findings are binding on us if supported by substantial evidence. *Johnson*, 637 N.W.2d at 177.

Superior Staffing's proposed subleasor, Madhuri Sadhu, wanted to run an Indian grocery store that prepared snacks. Ultimately, Agans Brothers rejected the tenancy for four reasons. First, the premises already had a Sudanese grocery store, and Agans Brothers was concerned that another ethnic grocery store on the premises would hurt its existing tenant's business. Second, Sadhu's plan to make snacks would require kitchen equipment and substantial alteration of the roof overhang in the rear of the building to accommodate external venting. Third, food odors might travel from the common ventilation shared by Agans Brothers' retail business, Clive Power and Equipment, Superior Staffing's office space, and the Sudanese grocery store. Finally, food deliveries to Sadhu's grocery store might interfere with deliveries to Agans Brothers' retail business.

The district court found Agans Brothers' testimony regarding these concerns credible. "On appeal in a law action we are bound by such factual findings on the credibility of witnesses." *Plymouth Farmers Mut. Ins. Ass'n v. Armour,* 584 N.W.2d 289, 292 (Iowa 1998). The record

supports the district court's finding that Agans Brothers' reasons for withholding consent were genuine and objective. As the original trier of fact, the district court was in a markedly better position to judge the credibility of Agans Brothers' stated rationale. We find no reason to disturb the district court's judgment that Agans Brothers did not unreasonably withhold its consent to Superior Staffing's proposed sublease. The district court's findings are supported by substantial evidence, and we affirm its ruling and judgment.

### III. Attorney Fees.

**A. Standard of Review.** Finally, the parties disagree about whether the district court correctly awarded Agans Brothers attorney fees. The district court modified its original ruling to include an award of $12,306.58 in attorney fees for Agans Brothers. Superior Staffing claims that Agans Brothers' failure to file an affidavit as required under Iowa Code section 625.24 precluded the taxing of attorney fees as costs. Agans Brothers counters that Superior Staffing failed to raise this issue before the district court, and, therefore, this claim has been waived.

Our determination of this issue involves the interpretation of Iowa Code sections 625.22 and 625.24. The court reviews issues involving the interpretation of statutes for correction of errors at law. *T & K Roofing Co. v. Iowa Dept. of Educ.*, 593 N.W. 2d 159, 161 (Iowa 1999).

**B. Analysis.** The right to recover attorney fees as costs does not exist at common law. *Thorn v. Kelley*, 257 Iowa 719, 726, 134 N.W.2d 545, 548 (1965). In Iowa, they are not allowed "in the absence of a statute or agreement expressly authorizing it. In order [for fees to be] taxed the case must come clearly within the terms of the statute or agreement." *Id.* The parties' lease contained a provision which stated:

> In the event the tenant should be in default of the terms and conditions of this agreement, tenant shall pay attorney fees incurred by the landlord in order to enforce said terms and conditions.

Iowa Code sections 625.22 and 625.24 address a party's request for attorney fees. Iowa Code section 625.22 declares that when attorney fees are permitted under a contract provision, the court is permitted to tax a reasonable amount of those fees as a part of costs. Iowa Code § 625.22. Section 625.24 provides that the fees allowed by section 625.22 shall not be taxed unless the attorney files an affidavit declaring "that there is not and has not been an agreement between the attorney and the attorney's client or any other person . . . for any division or sharing of the fee to be taxed." Iowa Code § 625.24. The statute also states that the affidavit must be filed prior to the attorney fees being taxed. *Id.*

Agans Brothers' counsel did not file the affidavit required by section 625.24. Superior Staffing did not object to the lack of the affidavit at the district court level. Our rules of error preservation would normally require that the failure to file the affidavit must be raised below to preserve the issue for our review or the issue is waived. *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) (stating "[i]ssues not raised before the district court . . . cannot be raised for the first time on appeal").

We have previously ruled, with regard to a predecessor statute, that failing to object to the lack of an affidavit below did not prevent the appellate court from considering the issue. *Sweney v. Davidson,* 68 Iowa 386, 392, 27 N.W. 278, 281 (1886); *see also Weible v. Kline*, 251 Iowa 255, 259–60, 100 N.W.2d 102, 105 (1959) (the court considered the

issue, but determined that no attorney fees could be taxed because no affidavit had been filed).

We have never stated whether the lack of an affidavit involves the court's authority or its subject matter jurisdiction. In recent years, we have been careful to distinguish between the court's lack of authority to hear a particular matter and its lack of subject matter jurisdiction. *Klinge v. Bentien*, 725 N.W.2d 13, 16 (Iowa 2006). Although our prior cases have provided that the authority to tax attorney fees may be challenged at any time, the precedential value of those cases is questionable given our recent emphasis on the distinction between subject matter and authority. *See State v. Mandicino*, 509 N.W.2d 481, 482–83 (Iowa 1993). The distinction is critical because a court's lack of authority to hear a particular matter may be waived if it is not raised below, whereas an absence of subject matter jurisdiction may be raised by the parties at any time. *Id.*

Although "we have consistently held that such an affidavit is a prerequisite to taxation of attorneys fees as costs." *Moser v. Thorp Sales Corp.*, 334 N.W.2d 715, 719 (Iowa 1983) (citing *Holden v. Voelker*, 228 Iowa 589, 591, 293 N.W. 32, 32 (1940)), we have also held that attorney fees will be allowed unless it is affirmatively shown that the affidavit was not filed. *Mills County Nat. Bank v. Perry*, 72 Iowa 15, 17, 33 N.W. 341, 342 (1887). Unlike the statute in *Klinge*, the statute at issue here does not proscribe a request for attorney fees unless a jurisdictional prerequisite is met. *See Klinge*, 725 N.W.2d at 18 (concluding that "the legislature intended obtaining a mediation release from the farm mediation service to be a prerequisite to subject matter jurisdiction"). The lack of an affidavit does not divest the court of jurisdiction; it merely limits its authority to tax attorney's fees to those cases where the affidavit has been filed.

The language and history of the statute supports this conclusion. Prior to 1985, the statute provided that the affidavit was required to be "filed with the petition at the commencement of the action." Iowa Code § 625.24 (1983). After its amendment in 1985, the statute provided that "[t]he affidavit shall be filed prior to any attorney's fees being taxed." Iowa Code § 625.24 (Supp. 1985). The explanation for the amendment explains that the "bill amends the procedural aspect of section 625.24 to make it consistent with the notice pleading system . . . ." *See* Explanation to S.F. 289, 1985 Iowa Acts ch. 72. Although an argument may have been made prior to 1985 that the affidavit was jurisdictional, the amendment makes it clear that the affidavit only speaks to the court's authority as it does not bar the claim but only delays the court's authority until the affidavit has been filed.

As noted above, the distinction is critical. Because the filing of the affidavit goes to the authority of the court, it may be waived. *Klinge*, 725 N.W.2d at 16. Superior Staffing had the opportunity to object but failed to do so. Had Superior Staffing objected, the failure to file the affidavit could have been easily cured. Having failed to object at the district court, Superior Staffing has waived its objection. The attorney's fees were properly taxed as costs.

Finally, Agans Brothers requests that it be awarded attorney fees for this appeal. Although a party entitled to attorney fees under a contract may be entitled to reasonable attorney fees on appeal, *see Beckman v. Kitchen*, 599 N.W.2d 699, 702 (Iowa 1999), Agans Brothers has still not filed the affidavit required under Iowa Code section 625.24. Superior Staffing continues to object to the taxing of attorney fees because of this failure. This objection has not been waived and we are, therefore, without authority to tax the attorney's fees as costs. Agans Brothers' request for attorney fees on appeal is denied.

**IV. Disposition.**

We find that substantial evidence exists in the record to support the district court's finding that Agans Brothers reasonably withheld its consent to the sublease and that the district court applied the correct legal standard. We, therefore, affirm the district court's findings on those issues. Because we hold that Agans Brothers' failure to file an affidavit was waived, we affirm the district court's award of attorney fees for the district court proceedings. Because we hold that Agans Brothers' failure to file an affidavit precludes the award of attorney fees on appeal, we refuse to order an award of attorney fees on appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**

All justices concur except Ternus, C.J., who takes no part.