# IN THE COURT OF APPEALS OF IOWA

No. 13-1132
Filed April 30, 2014

**MITCHELL KELLEHER,**
        Plaintiff-Appellant,

**vs.**

**AMERICAN STANDARD INSURANCE**
**COMPANY OF WISCONSIN, Member of**
**AMERICAN FAMILY INSURANCE**
**GROUP, Madison, WI,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Chickasaw County, Richard D.

Stochl, Judge.


        Mitchell Kelleher appeals from a declaratory judgment of no insurance

coverage. **AFFIRMED.**



        Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for

appellant.

        Scott K. Green, West Des Moines, for appellee.



        Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**DANILSON, C.J.**

This is a declaratory judgment action to ascertain whether there is insurance coverage for Mitchell Kelleher's injuries. The insurance policy excludes intentional acts. We conclude the district court did not err in determining coverage does not exist as the injuries were caused by an intentional act. We affirm.

This case arises from incidents occurring in May 2005. Jeremy Schaufenbuel and a group of friends were involved in ongoing conflict with Mitchell Kelleher and his friends. In the early morning hours of May 14, 2005, Schaufenbuel—after a night of using his vehicle as a weapon, hitting other cars, including Kelleher's, and using his vehicle to trap a person against a wall so others could hit that person—drove at Kelleher, who was on foot. Kelleher ran out of the way. Schaufenbuel put his car in reverse, punched the gas, and backed over Kelleher. Kelleher suffered a compound fracture of his right leg.

Schaufenbuel was charged with willful injury causing serious injury, but later entered an *Alford* plea to serious injury by vehicle.[1] The offense of serious injury by vehicle does not require a finding of intent to injure. *See* Iowa Code § 707.6A(4) (2005).

Kelleher filed a personal injury suit against Schaufenbuel. The two entered into a settlement whereby Schaufenbuel assigned to Kelleher all his rights against his insurer, American Standard Insurance Company of Wisconsin. American denied coverage to Schaufenbuel under the intentional acts exclusion

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding "express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty").

of the policy: "This coverage does not apply to: . . . (2) Bodily Injury or Property Damage caused by an intentional act of, or at the direction of an insured person even if the actual injury or damage is different than that which was expected or intended."

Kelleher filed a declaratory judgment action requesting a finding that Schaufenbuel was covered under the American policy. At trial, Kelleher testified about the various altercations that had occurred between the two groups, but testified he was injured accidentally when Schaufenbuel was attempting to "get away from a fight that was fixing to happen, so I think he was just trying to get away after he hit my car." Other evidence admitted at trial was Schaufenbuel's September 8, 2008 deposition; an incident narrative authored by Deputy Sheriff Reed H. Palo; the insurance policy; and the May 19, 2006 deposition of Trevor Thein, who was at the scene.

The district court entered an order of declaratory judgment, concluding:

> Based on the evidence presented, it is clear that Schaufenbuel intended to strike Kelleher with his vehicle. While he may not have intended to cause the serious injuries that resulted, he intended to run him over. The parties were at the locker that evening to fight. Schaufenbuel had earlier trapped McCully with his car and t-boned Kelleher's car. He had chased Kelleher earlier and finally ran him over when he "punched the accelerator" and cranked the wheel towards him.
>
> Because Schaufenbuel's actions were clearly intentional, he has no coverage under the American Family Policy for any compensable damages he may owe Kelleher. As Kelleher stands in Schaufenbuel's shoes, Kelleher has no right of recovery from American Family.

The district court's findings are supported by substantial evidence.[2] The court was not bound by the elements of the offense to which Schaufenbuel tendered an *Alford* plea. We therefore affirm without further opinion pursuant to Iowa Rule of Appellate Procedure 6.1203(a) and (d).

**AFFIRMED.**

---

[2] Kelleher argues that because no rulings on objections were made, this action was tried in equity and our review is de novo. *See* Iowa R. App. P. 6.907. But the action was for interpretation of coverage under an insurance contract for which the court entered an order, not a decree. These factors indicate the matter was considered as an action at law. *See Van Sloun v. Agans Bros. Inc.*, 778 N.W.2d 174, 178-79 (Iowa 2010); *Sutton v. Iowa Trenchless, L.C.*, 808 N.W.2d 744, 748 (Iowa Ct. App. 2011). In any event, our conclusion would be the same even if under de novo review.