**IN THE COURT OF APPEALS OF IOWA**

No. 14-2119
Filed October 28, 2015

JACQUELINE E. KUYPER and
PETER C. KUYPER,
        Petitioners-Appellants,

**vs.**

ERIN ELIZABETH KUYPER,
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Black Hawk County, Kellyann M.

Lekar, Judge.

        Grandparents appeal from the district court's order requiring them to pay

the attorney fees of the prevailing party in an action regarding grandparent

visitation.  **REVERSED AND REMANDED WITH DIRECTIONS.**

        Mark D. Fisher of Nidey Erdahl Tindal & Fisher, P.L.C., Cedar Rapids, for

appellant.

        Christy R. Liss of Clark, Butler, Walsh & Hamann, Waterloo, for appellee.

        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Grandparents Peter and Jacqueline Kuyper appeal from the district court's order assessing them $17,756.85 in attorney fees following a petition for grandparent visitation. The grandparents maintain the award of attorney fees must be vacated because no statute or agreement expressly authorized the award. Because no statute expressly authorizes the award of fees, the district court abused its discretion in ordering the grandparents to pay them. We reverse the district court's award of attorney fees and remand for the district court to enter an order vacating its award.

**I. Background Facts and Proceedings.**

Peter and Jacqueline are the parents of Christopher Kuyper. Christopher married and had a child with Erin Kuyper—the appellee in this matter. Christopher died in an automobile accident in October 2013.

The grandparents filed a petition for grandparent visitation pursuant to Iowa Code section 600C.1 (2013) on November 23, 2013. The matter proceeded to trial on July 29 and 30, 2014.

On November 20, 2014, the district court denied the grandparents' request for visitation. In addition, the court ordered the grandparents to pay the mother attorney fees in the amount of $17,756.85. The court stated:

> The [mother] requests attorney fees and notes that this matter sits in equity. The [grandparents] respond that there is no basis in the law to award attorney fees in this matter. The Court notes that Code of Iowa Section 600C.1(11) specifically states that an action filed under Chapter 660C is subject to Code of Iowa Chapter 598B. Code of Iowa Section 598B.312 states that the Court shall award the prevailing party necessary and reasonable expenses incurred by or on behalf of a party including costs, communications expenses, attorney fees, investigative fees, expenses for

witnesses, travel expenses, and child care expenses during the course of the proceeding unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate. The Court awards attorney fees and other costs against the Petitioners, Peter Kuyper and Jacqueline Kuyper, and in favor of Respondent, Erin Juhlin-Kuyper.

The grandparents appeal.

## II. Standard of Review.

A trial court's decision regarding the award of costs or attorney fees is reviewed for abuse of discretion. *Markey v. Carney*, 705 N.W.2d 13, 25 (Iowa 2005). A district court's interpretation of statutes, however, is reviewed for correction of errors at law. *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010).

## III. Discussion.

The right to cover attorney fees as costs does not exist at common law, and fees are not to be allowed in the absence of a statute or agreement expressly authorizing it. *Id.*

We do not believe section 598B.312 provides authority for the award of attorney fees in this situation. Section 598B.312 is contained within the enforcement article of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). In 1999, the Iowa legislature adopted the UCCJEA, repealing and replacing the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA). *See* 1999 Iowa Acts ch. 103. The UCCJEA is a jurisdictional act that includes proceedings involving the physical custody and visitation of a child as well as child-custody proceedings involving neglect and abuse. Iowa Code § 598B.102(3), (4). The information requirement set forth in Iowa Code section

598B.209 clearly is intended to facilitate the resolution of jurisdictional issues under the act. We note the same requirement applies to custody orders in domestic abuse proceedings as provided in Iowa Code sections 236.4(7) and 236.5(1)(d).

Here, the grandparents' claim was filed under 600C.1, and the action did not seek to register or enforce a custody order issued by the court of another state or another jurisdiction. *See* Iowa Code §§ 598B.303, .305, .306. Rather, it was an original petition to obtain visitation with the minor child. Because neither the issue of the jurisdiction of the Iowa court, nor the enforceability of a prior custody determination of another jurisdiction under the UCCJEA was an issue in this case, we conclude section 598B.312 does not apply. If attorney fees are awarded here, the same logic would require or permit an award of attorney fees in domestic abuse cases without direct authorization by statute in either chapters 600C or 236. Thus, the district court abused its discretion in ordering the grandparents to pay the mother's attorney fees. We reverse the district court's award of attorney fees and remand for the district court to enter an order vacating its award.

**REVERSED AND REMANDED WITH DIRECTIONS.**