# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0608
Filed February 11, 2026

————————————

**Justin Wise,**
Plaintiff–Appellee,

v.

**Scafferi Enterprises, LLC, d/b/a Rainbow International of Grundy County**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Grundy County,
The Honorable Kellyann M. Lekar, Judge.

————————————

**AFFIRMED**

————————————

Jennie L. Wilson-Moore of Wilson Law Firm, Conrad, attorney for appellant.

Michael Marquess of Marquess Law Office P.C., Toledo, attorney for appellee.

————————————

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Badding, J.

1

**BADDING, Judge.**

Justin Wise's fire-damaged home was still stripped to the studs when the contractors responsible for completing repairs told him "the money was gone" and then walked off the job. With his insurance coverage exhausted, Wise had to finish the project out-of-pocket. He later sought to recover the costs from Scafferi Enterprises, LLC d/b/a Rainbow International ("Rainbow"), the company he claims agreed to oversee the reconstruction of his house within policy limits. A jury returned a verdict in favor of Wise.

On appeal from that verdict, Rainbow raises a challenge to the sufficiency of the evidence, framing its sole claim of error this way:

> The Jury Erred in its Determination to Find that the Petitioner Contracted with Rainbow to Perform General Contractor Services on His Home in Grundy County Following a Fire and that Rainbow Breached the Contract and that the Petitioner Suffered Damages as a Result of the Alleged Breach of Contract and that the Petitioner did not Breach the Contract First by Preventing Respondent from Performing on the Contract.

This claim is not properly before us. In a civil case tried at law, we review the district court's legal conclusions—not the factual determinations of the jury. *See* Iowa R. App. P. 6.907; *Van Sloun v. Agans Bros.*, 778 N.W.2d 174, 178 (Iowa 2010) ("Generally, an action on contract is treated as one at law." (citation omitted)). A defendant may challenge the sufficiency of the evidence through a motion for directed verdict, but appellate review "is limited to those grounds raised in the defendant's motion." *Royal Indem. Co. v. Factory Mut. Ins.*, 786 N.W.2d 839, 844 (Iowa 2010). This limitation distinguishes civil jury cases from those tried to the bench, where a party "may challenge the sufficiency of the evidence to sustain any finding without having objected to it by motion or otherwise." Iowa R. Civ. P. 1.904(1); *see also Moody v. Bogue*, 310 N.W.2d 655, 658 (Iowa Ct. App. 1981).

Because Rainbow never sought a directed verdict, it has not preserved error on its sufficiency challenge. *See, e.g.*, *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001) (finding a sufficiency claim unpreserved where the defendant did not raise the challenged issues in a motion for directed verdict). We accordingly decline to consider Rainbow's appeal, even though Wise failed to dispute preservation of error. *See Halbur v. Larson*, 14 N.W.3d 363, 371 (Iowa 2024) (noting "this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal" (citation omitted)).

**AFFIRMED.**