MRS. JOHN BARRY v. THE FARMERS' MUTUAL HAIL ASSO-
CIATION OF IOWA.

Crop Insurance: ARBITRATION: *Action on policy.* Right of action
on a policy of insurance on crops, providing what the loss
1    shall be considered, and that in case of disagreement the amount
shall be settled by arbitration, is not defeated by a failure to
arbitrate.

MEASURE OF DAMAGES. Instruction in action on policy on growing
crops, consisting of small grain and corn, that the value of the
grain is the market value thereof at the time of threshing,
2    less the expense of threshing and marketing, and that of the
corn, the price for which it could have been sold on the prem-
ises, less the expense of husking and cribbing, is erroneous,
in allowing recovery of the value of a mature crop, without
deduction for expense in fitting it for the market.

*Appeal from Wright District Court.*—HON. S. M. WEAVER,
Judge.

THURSDAY, MAY 23, 1901.

ACTION to recover damage to growing crops. Trial to
jury, and verdict and judgment for the plaintiff. The de-
fendant appeals.—*Reversed.*

*Thos. A. Cheshire* for appellant.

*Ladd & Rogers* for appellee.

SHERWIN, J.—In the policy issued to the plaintiff it
is provided that the loss in all cases shall be considered the
difference between the amount grown on the damaged tract
and a fair average of the same kind grown on an equal tract
in the immediate neighborhood where no damage was sus-
tained, and, in case of disagreement as to the amount
1    of the loss, "it shall be settled by arbitration as fol-
lows." There was no attempt at arbitration, and the
appellant urges that no evidence as to the amount of loss

was competent, because thereof.   Arbitration of the amount of the loss was not made a condition precedent to bringing the action, and a failure to arbitrate would not defeat it.   *Gere v. Insurance Co.,* 67 Iowa, 272; *Lesure Lumber Co. v. Mutual Fire Ins. Co.,* 101 Iowa, 514.   If the appellant's contention, based on language in the *Gere Case,* were adopted, a failure to arbitrate under such provisions would defeat the action for want of evidence, and this should not be done. Numerous other errors are argued as to rulings on testimony, but none are of sufficient importance to demand notice.   It is sufficient to say that we find no prejudicial error in the rulings complained of.

The plaintiff claimed damages to corn and small grain. In its instruction as to the measure of plaintiff's recovery, the court told the jury that the value of the grain was the market value thereof at the time of threshing, less the reasonable expense of threshing and marketing the same; and, as to the corn, that its value would be the price for which it could have been sold upon the premises, less the reasonable and necessary expense of husking and cribbing.   An instruction practically the same as this was disapproved in *Barry v. Insurance Ass'n,* 110 Iowa, 433, because it allowed the plaintiff to recover the value of a mature crop, without any deduction for expense incurred in fitting it for the market.   In the case of small grain, the harvesting and stacking, if necessary, were proper items of expense to be deducted, in addition to those of threshing and marketing; and, in relation to the corn, it may have required work in the field to mature it, which might, under some circumstances, have been properly deducted in determining the amount of the defendant's liability.   These matters were all eliminated by the instruction given, and improperly so. It was not, as claimed by appellee, the duty of the defendant to show this expense, if there was any.   It was a part of plaintiff's case to prove just what damage she had suffered, and, failing to do so, she was not entitled to a verdict.   For the error pointed out, the judgment is reversed.—REVERSED.