**STATE of Iowa, Appellee,**

v.

**William E. DURRELL, Appellant.**

**No. 63705.**

Supreme Court of Iowa.

Jan. 14, 1981.

John P. Roehrick, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Richard Cleland, Asst. Atty. Gen., and Donald F. Starr, Asst. Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE and McGIVERIN, JJ.

HARRIS, Justice.

This appeal follows defendant's conviction upon a charge of three counts of delivery of a controlled substance (cocaine) in violation of section 204.401(1), The Code 1979. Defendant's two assignments of error assert (1) the Polk County attorney engaged in selective and discriminatory prosecution, thereby denying him equal protection of the law, and (2) the trial court improperly restricted defendant's cross-examination of a State witness. We affirm the trial court.

I. Defendant's assertion that he was the victim of selective and discriminatory prosecution is grounded in stipulated statistical data.

This data indicated that during the year 1978 there were 71 cases filed which would require mandatory imprisonment upon conviction. These 71 cases consisted of 46 delivery (35 marijuana, 5 cocaine, and 6 chemical substances) and 25 possession with intent to delivery charges (19 marijuana, 1 cocaine, 1 heroin, 4 chemical substances). Of the 46 deliveries, 13 were either dismissed or were then pending. Of the 33 remaining cases, 25 (75.76 percent) were reduced before plea. As to the 25 possession with intent to deliver charges, subtracting the dismissals and pending cases, 13 of 16 charges (or 81.25 percent) were reduced. As can be seen the overwhelming majority of the cases which called for mandatory prison terms were either dismissed or reduced. The defendant claimed and tried to show that the Polk County attorney was of the personal belief that the mandatory sentencing provisions of the law under which defendant was charged were wrong. It is said the county attorney did not personally believe "that a person should be sent to prison for cocaine and that in ten years cocaine would be thought of in much the same way marijuana is now."

The county attorney nevertheless persisted in prosecuting defendant. Under these circumstances, and on the basis alone of the foregoing facts, defendant argues his prosecution was selective and discriminatory.

The equal protection standard in selective prosecution complaints is well settled. In *State v. Apt*, 244 N.W.2d 801, 804 (Iowa 1976), we said:

[W]e think the prosecutor's decision was not an equal protection violation. *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453 ("Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds sup-

porting a finding of a denial of equal protection were not alleged."); *United States v. Bell*, 165 U.S.App.D.C. 146, 506 F.2d 207, 222 ("Prosecutorial discretion in law enforcement, we have recognized, 'is by its very nature exceedingly broad.' And 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation,' but only so when 'the selection [is] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' " Footnotes omitted.).

We expressed the same view in *State v. Walker*, 236 N.W.2d 292, 295 (Iowa 1975), where we said, "[t]he constitution is not violated unless the selection is deliberately based on an unjustifiable standard, i. e., race, religion, or other arbitrary classification. (Authorities.)"

■ The statistical data submitted here falls far short of hinting that the decision to prosecute him was based on any such unjustifiable standard. We have no knowledge of the defendant's race, religion, or anything else that could be the basis for an arbitrary classification. The only thing that can be said is that defendant was in a very small minority selected for prosecution. Why or how is not shown and seems to have been only a matter of random chance. This does not establish a due process violation. The defendant's first contention is without merit.

II. Defendant's second challenge is controlled by the scope of our review. Jack Morton, a sergeant with the Des Moines police department narcotics control unit, testified as an expert witness for the State. The State sought by his testimony to establish the profit element of the offense. Morton first told of his experience as an officer and supervisor with the department. Before going further the court directed, on defendant's motion, that the State be required to proceed by an offer of proof.

During the offer Morton testified that the price paid for the purchases of cocaine from this defendant were "consistent with the average prices" paid by officers in undercover drug purchases. He further said that, in his opinion, defendant was involved in selling to one whom the defendant "felt was going to be [a] customer or buyer" and that the defendant kept various materials "for the purpose of adulterating or cutting cocaine."

On cross-examination Sgt. Morton said that during recent years the street value of cocaine had remained relatively the same. He also said that the average street value of cocaine for the year 1978 could be determined from how much was paid for it in the various drug cases.

At this point the defendant began to ask Morton about specific drug cases in which he had been involved in 1978. The State objected to these questions on the ground that the other cases were not sufficiently similar to the defendant's case and therefore the other cases were irrelevant and immaterial. The trial court reserved ruling on the objection. Subject to the objection Sgt. Morton testified further as a part of the offer of proof on defendant's cross-examination.

Defense counsel handed Morton court files on drug cases with which was familiar. In each case the witness was asked how much cocaine was purchased. As a part of the offer the defendant sought to call the clerk of court to testify that each case resulted in a conviction or plea of delivery as an accommodation and not for profit. At this point the prosecutor renewed his previous objection which was then sustained on grounds of relevancy.

Defendant argues that, since Morton was called as an expert, the prior drug cases in which he was involved became relevant and material because they were directed to his knowledge and credibility as an expert. The suggestion is that Morton's expertise is impugned by the disposition of prior cases in which he was involved. It is argued that his knowledge of drug prices in deliveries for profit should be evaluated in the light of the fact that the previous delivery for profit cases in which he was involved amounted in the end only to accommodation cases.

Defendant's right to thoroughly cross-examine the State's witnesses is fundamental. "The primary interest secured by the confrontation clause, Amendment 6, United States Constitution, is the right of cross-examination." *State v. Carney*, 236 N.W.2d 44, 46 (Iowa 1975).

Nevertheless "[a] reasonable latitude must be accorded a cross-examiner but the scope thereof as to any proper subject of inquiry rests generally in trial court's sound discretion." *Id.* That "discretion ... is a legal discretion and should not be exercised so as to exclude matters vital and proper to the defense of one accused." *Id.*

We have also said that "no party has a constitutional right to elicit by cross-examination facts which are irrelevant or immaterial to the issues in the case being tried." *State v. Davis*, 269 N.W.2d 434, 438 (Iowa 1978).

Basic test of relevancy is whether challenged evidence makes the desired inference more probable than it would be without evidence and this determination is a matter for exercise of the trial court's discretion.

*Carson v. Mulnix*, 263 N.W.2d 701, 706 (Iowa 1978).

■ Under these principles we cannot say the trial court abused its discretion in limiting defendant's cross-examination of Sgt. Morton. Although the evidence might well have been received, the trial court was not required to receive it. In resisting the offer at trial the State argued, "There are so many variables that can come into consideration in working out a negotiated plea; plea bargaining; availability of witnesses at the time of trial; availability of ... some item of physical evidence at the time of trial; availability of the prosecutor at the time of trial; the [availability of] defendant's attorney ...; the list goes on *ad infinitum*."

The relevancy of the other cases might well turn on such matters. The trial court was entitled to exercise its discretion to reject the offer on the basis of the unknown variables in the other cases.

AFFIRMED.