STATE of Iowa, Appellee,

v.

Art LOVE, Appellant.

No. 63626.

Supreme Court of Iowa.

Jan. 14, 1981.

Martha Shepard, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Richard Cleland, Asst. Atty. Gen., Steve M. Foritano, Student Intern, and Dan Johnston, Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE and McGIVERIN, JJ.

HARRIS, Justice.

Defendant appeals following his conviction of delivery of a controlled substance (cocaine) in violation of section 204.401(1), The Code 1979. He argues that he was denied equal protection of the law because of discriminatory selective prosecution by the county attorney and that it was improper to allow additional prosecution witnesses following the mistrial. We affirm the trial court.

I. Love's first contention is identical to that made by the appellant in *State v. Durrell*, 300 N.W.2d 134 (Iowa 1981), filed simultaneously herewith. For the reasons set out in *Durrell* we find Love's first contention to be without merit.

■ II. The case came on for trial on March 28, 1979. The first prosecution witness was asked his address. He replied that he did not wish to disclose this information due to serious threats against his life. At this juncture defense counsel asked for a mistrial. The request was granted. The trial court found prejudice resulted from the remark and found the county attorney knew or should have known there were no threats made by the defendant and that the witness would give the response he did.

Following the mistrial a retrial date was set for May 7, 1979. On April 4, 1979, a notification of additional witnesses was filed by the State. Iowa R.Crim.P. 18(4). The new witnesses were all police officers attached to the narcotics squad. Two of the officers listed were to testify of street values and of the use and measurement of cocaine. A third new witness was to corroborate an informant.

Defense counsel moved to exclude the testimony of the three new witnesses, claiming a denial of due process and fundamental fairness. He argues that the State should not be allowed to strengthen its case after a mistrial caused by the State's own witness and the prosecutor. In argument defendant raises the spector of a prosecutor acting in bad faith, purposely seeking a mistrial in order to avoid an acquittal.

■ We find this contention is also without merit. There is no showing here that the prosecutor deliberately sought the mistrial in order to strengthen the State's case. Where there is bad faith a later prosecution may be barred on grounds of former jeopardy. *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543, 546 (1971). This defendant however should not be allowed to borrow imagined bad faith that does not exist here.

■ The defendant's argument ignores the purpose of the notice requirement of the statute. Iowa R.Crim.P. 18(4) requires the State to notify the defendant of additional State's witnesses in order to allow for trial preparation. *See State v. King*, 256 N.W.2d 1, 9 (Iowa 1977). There is nothing about the nature of the earlier mistrial which in any way inhibited defendant's trial preparation.

AFFIRMED.