STATE of Iowa, Appellee,

v.

James Clyde DELAP, Appellant.

James Clyde DELAP, Plaintiff,

v.

IOWA DISTRICT COURT FOR
MUSCATINE COUNTY,
Defendant.

No. 89–1849.

Court of Appeals of Iowa.

Dec. 27, 1990.

Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Stephen J. Petersen, County Atty., and Anne G. Burnside, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

James Delap was accused of beating his former wife on several separate occasions over a period of time spanning parts of two days. He was originally charged with assault with intent to inflict serious injury. The State moved to amend the trial information to also include one count of assault causing bodily injury. In its motion to amend, the State argued the amendment "would bring the trial information into conformity with the allegations as contained in the minutes of evidence.... Those minutes allege a series of assaults by the defendant upon the victim over a period of time...." The court granted the motion to amend. Delap was tried for one count of assault with intent to inflict serious injury, a violation of Iowa Code section 708.2(1), and one count of assault without intent to inflict serious injury but causing bodily injury, a violation of Iowa Code section 708.-2(2). A jury found him guilty of both charges, and he has appealed the resulting convictions and sentences. We now affirm.

I. ASSAULT CONVICTIONS.

■ *Double Jeopardy Challenge.* Delap contends his convictions on both of the charges noted above subjected him to double jeopardy. He argues he was convicted of two separate crimes for a single assault, and the two forms of assault charged here cannot both apply to the same event. De-

lap's argument is fundamentally flawed: Delap was not charged or convicted for a single assault but for several separate assaults which occurred over an extended period of time.

The State amended its trial information to conform to the "series of assaults" alleged in the minutes of evidence. There was sufficient evidence presented at trial from which a jury could find that a multitude of assaults had occurred at various times and in various places, albeit committed by the same perpetrator against the same victim. These assaults varied in severity and the jury reasonably could have found some were committed with intent to cause serious bodily injury while others were committed without such an intent; some assaults caused bodily injury while others did not. In sentencing the defendant to consecutive sentences, the district court noted, "The evidence accepted by the jury detailed several assaults against the victim over a period of time."

■ Delap appears to contend, however, that even if the two counts of the indictment involved more than one assault, the instructions submitted to the jury did not sufficiently enunciate the requirement that the jurors could not find the defendant guilty of both counts for the same assault, i.e., a single assault could not be committed both with and without intent to cause serious injury. This issue is not properly before this court. At trial the defense received the court's proposed instructions and asked for two additional instructions (one concerning a defense of diminished responsibility and one seeking the inclusion of "beyond a reasonable doubt" language in instructions 7 and 8). No other objections to the proposed jury instructions were made by the defendant. "Having failed to alert the trial court to his present contention by appropriate objection, defendant is precluded from relying on it now." *State v. Miles*, 344 N.W.2d 231, 233 (Iowa 1984) (citation omitted).

■ *Ineffective Assistance Of Counsel.* As an alternative argument concerning his contention the court erred in its marshaling instructions, defendant alleges his trial at-

torney was ineffective in failing to preserve error on the issue.

We have recognized that in some circumstances a mistake in failing to preserve error may be sufficiently egregious to deny a defendant his right to the effective assistance of counsel under the sixth amendment of the United States Constitution. *See Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981). We have also said that when a defendant relies on a specific act or omission to prove such a claim, two conditions must be demonstrated: "It must be shown that (1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom." *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981).

*State v. Miles*, 344 N.W.2d at 233–34. To show the requisite prejudice, the defendant must demonstrate counsel's error resulted in "actual and substantial disadvantage to the course of his defense." *Id.* at 234.

Delap cannot prove the requisite prejudice. The jury was read the trial information charging the defendant with two offenses. The evidence presented at trial delineated several confrontations between the defendant and his former wife over a period of time. The defendant admitted to hitting his former wife on at least two occasions during that time but contested that he did so with intent to inflict serious bodily injury. The marshaling instructions again informed the jury that defendant was charged with two offenses, properly instructed the jury on the elements of each offense, and informed the jury of its duty to determine the defendant's guilt or innocence on each offense. Therefore, even assuming defendant's counsel should have objected to the proposed instructions as insufficient, under the circumstances of this case we conclude defendant was not actually and substantially disadvantaged in his defense by the alleged failure of counsel. We reject Delap's contention of ineffective assistance of counsel.

■ *Cross–Examination Of Complainant.* Delap next contends the district court should have let him cross-examine the complainant about her cocaine usage.

He alleges this cross-examination would have shown that she had a motive to make false accusations against him, namely an interest in keeping him incarcerated.

A defendant's right to cross-examine a witness is a primary interest secured by the confrontation clause of the sixth amendment, *State v. Durrell*, 300 N.W.2d 134, 137 (Iowa 1981), made applicable to the states by the fourteenth amendment. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 926 (1965). A party is given "reasonable latitude" in cross-examination, *Durrell*, 300 N.W.2d at 137, particularly when a defendant, charged with a grave offense, cross-examines the State's witness. *State v. Carney*, 236 N.W.2d 44, 46 (Iowa 1975). [The t]rial court, however, still determines the scope of cross-examination, exercising its sound discretion. *Durrell*, 300 N.W.2d at 134.

*State v. Martin*, 385 N.W.2d 549, 552 (Iowa 1986).

We first note that the defendant was allowed, during cross-examination of the complainant, to elicit extensive testimony from the complainant concerning the use of cocaine by Delap and herself. This line of questioning was allowed as being relevant to the defendant's claim of intoxication and diminished capacity. Following this line of cross-examination, this series of questions and objections occurred:

Q[# 1]. Do you have any motive to keep Jay locked up in jail?

[Prosecutor]: Objection. She's not keeping him locked in jail. The question is preposterous.

THE COURT: Sustained. She doesn't do any sentencing, any bond setting.

Q[# 2]. [by defense]: Do you have any motive in seeing Jay convicted of this offense?

[Prosecutor]: Objection. This case has nothing to do with her motive. This charge is that she was assaulted. She filed a complaint.

THE COURT: Sustained.

Q.[# 3] [by defense]: Do you still use cocaine?

[Prosecutor]: Objection. This has nothing to do with the case before the Court.

\*    \*    \*    \*    \*    \*

[Defense]: Other than because it is an illegal substance, she may have a motive to bring these charges against Jay to hide her illegal activities, but I will withdraw the question.

We need not address the propriety of the question "Do you still use cocaine?" because the defense expressly withdrew it and nothing remains for this court to review.

This court concludes the first objection was properly sustained because the question was phrased in a manner likely to mislead the jury. The trial court did not err.

Concerning the second question in this series, this court recognizes a defendant's right to show a witness has a personal interest in the result of the litigation which might affect the witness's credibility. *See, e.g., State v. Van Rees*, 246 N.W.2d 339 (Iowa 1976) (trial court erred in refusing to allow the defendant to cross-examine four witnesses concerning their interest in a civil lawsuit filed against the city by the defendant where a guilty verdict in the criminal case would likely result in adverse verdict for defendant in his civil suit). However, Delap made no attempt to lay a foundation to establish the witness was interested in defendant's conviction for reasons other than the assaults upon her by the defendant. Under these circumstances, the trial court did not abuse its discretion in sustaining the State's objection. This court finds no impermissible restriction of the cross-examination.

■ *Hearsay Ruling.* Delap also contends the district court should have allowed him to present evidence of statements made by the complainant (several days after the assault) to a bartender concerning the condition of her jaw. He alleges the witness would have testified the complainant described her injuries as more severe than they actually were; he argues this evidence would have been relevant because

it showed the complainant had a disposition to lie about the incident in question.

During the defendant's examination of one of his witnesses (the bartender referred to above) the defense asked, "Did she [the complainant] say anything about her jaw or her cheek?" The State objected on grounds the question called for hearsay. The defense made an offer of proof alleging the witness would testify that the defendant's wife "told her that the doctor said she broke her jaw or her cheek bone." The defense then argued Iowa Rule of Evidence 803(3) allowed the introduction of the statement, even though hearsay. The court sustained the hearsay objection. Delap does not contend the court erred in this ruling.[1]

On appeal, Delap contends that by sustaining the State's hearsay objection, Delap has been denied his due process right to present his own witnesses to establish a defense. We cannot consider an issue for the first time on appeal, even if it is of constitutional dimension. *See Patchette v. State*, 374 N.W.2d 397, 401 (Iowa 1985).

II. CONTEMPT ADJUDICATION. In a separate proceeding which has been consolidated with his criminal appeal, Delap seeks certiorari relief to challenge a contempt of court adjudication. The contempt penalty was imposed after Delap violated a court order directing him to have no contact with his former wife. Delap raises two issues in challenging the contempt adjudication.

Our review is at law and Delap is entitled to relief if he shows illegality or lack of jurisdiction. *See Bailey v. Broderick*, 212 N.W.2d 395, 398 (Iowa 1973).

■ *Do Rules Of Criminal Procedure Apply To Contempt Proceedings?* Delap first contends the contempt adjudication cannot stand because of delay between the warrant charging contempt and the date of the hearing on the contempt allegations. He complains the contempt hearing was not held within the speedy trial and speedy

indictment deadlines of Iowa Rule of Criminal Procedure 27(2). The State responds that the speedy trial and speedy indictment deadlines of rule 27(2) do not, and should not, apply to contempt proceedings. We agree.

Rule 1 of the Iowa Rules of Criminal Procedure defines the scope of the rules as providing "procedures applicable to indictable offenses." Indictable offenses are "[c]riminal offenses in which the punishment exceeds a fine of one hundred dollars or exceeds imprisonment for thirty days." Iowa R.Crim.P. 4(2). Because the penalty for contempt before the district court may exceed a fine of one hundred dollars or imprisonment for thirty days, *see* Iowa Code section 665.4, the defendant contends the Rules of Criminal Procedure are applicable to contempt adjudications.

We are not persuaded by the defendant's syllogism. While an action for contempt of court is treated as criminal in nature, *Phillips v. Iowa District Court for Johnson County*, 380 N.W.2d 706, 708–09 (Iowa 1986), contempt is not an "indictable offense" as used in rule 1.

> The term "criminal offense" is not defined in the Iowa Code. However, it appears with some frequency. *See* Iowa Const. art. I, § 11; Iowa Code §§ 49.-77(1), 123.91, 808A.2(1)(a). *Compare* Iowa Code § 2818 (1851) *with* Iowa Rev. Code § 4430 (1860) (term "criminal offense" replaced with term "public offense"). In each of these instances the term includes simple misdemeanors. It appears from a review of the statutory law that the legislature generally considers the terms "public offense" and "criminal offense" as synonymous, but defines and uses the term "public offense" for the sake of uniformity.
>
> Upon review of the dictionary definition of the term "criminal offense" and the judicial determinations of other courts, it appears well settled that the term refers to conduct subjecting the offender to imprisonment or fine and includes misde-

---

1. Because defendant does not challenge this ruling, we need not determine whether the state-ment is, in fact, inadmissible hearsay.

meanors as well as felonies. *See Black's Law Dictionary* 975 (5th ed.1979); 10A *Words and Phrases* "Criminal Offense" 171–77 (1968 & Supp.1989); 22 C.J.S. *Criminal Law* § 3(b) at 4–5 (1989).

By reference to similar statutes, prior judicial determinations, and the dictionary, we are satisfied the term "criminal offense" refers to that conduct which is prohibited by statute and is punishable by fine or imprisonment. Accordingly, the term includes statutorily-defined misdemeanors and felonies. Persons of ordinary intelligence would understand the term "criminal offense" refers to any criminal conduct, whether such conduct is classified as a misdemeanor or a felony.

*In re Property Seized from Kaster,* 454 N.W.2d 876, 878–79 (Iowa 1990).

Chapter 665 of the Iowa Code governs contempt proceedings. That chapter does not statutorily define contempt as either a misdemeanor or a felony. The definition of "criminal offense" found in *Kaster* simply does not include contempt adjudications. Furthermore, contempt actions are not initiated by indictment, but rather, by the court's own action or an affidavit. *See* § 665.6.

■ We conclude the Iowa Rules of Criminal Procedure are not applicable to contempt proceedings under rule 1 and, therefore, the defendant had no speedy indictment or speedy trial rights granted by the Rules. The defendant suffered no prejudice by the hearing date scheduled by the district court for consideration of the contempt allegation. The district court did not act illegally in adjudicating Delap in contempt of court without applying the time limitations found in the Iowa Rules of Criminal Procedure.

■ *Was No Contact Order Too Vague?* Delap also contends the contempt adjudication cannot stand because the earlier court order directing him to have no contact with his former wife was not sufficiently clear, definite and unambiguous to support a contempt adjudication.

We need not address Delap's contention concerning the court order because Delap had actual knowledge of the no contact condition and the consequences of violating that condition. Delap was clearly informed by the district court that one of the conditions of his release on bond was that he was to have no contact with his wife, the victim of his prior assaults.

The writ of certiorari is denied.

All rulings in the consolidated cases are affirmed.

AFFIRMED.