# IN THE COURT OF APPEALS OF IOWA

No. 13-0859
Filed July 16, 2014

NORTH GLENN HOMEOWNERS
ASSOCIATION,
    Plaintiff-Appellee,

vs.

STATE FARM FIRE & CASUALTY
COMPANY,
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel,

Judge.


State Farm Fire and Casualty Company appeals the district court order

granting North Glenn Homeowners Association's motion to compel appraisal.

**AFFIRMED.**


Mark W. Thomas of Grefe & Sidney, P.L.C., Des Moines, for appellant.

Travis Burk and Shannon M. Henson of Hope Law Firm P.L.C., West Des

Moines, for appellee.


Heard by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

State Farm Fire and Casualty Company appeals the district court order granting North Glenn Homeowners Association's motion to compel appraisal. State Farm claims the district court erred in ordering an appraisal as an issue of causation exists which cannot be determined by an appraisal. State Farm also claims the appraisal should not consider wind and hail damage claims together. North Glenn contends the case should be remanded as the district court order was not a final order, making this appeal interlocutory. We find the district court order was interlocutory but it affects the substantial rights of the parties, which allows us to decide the appeal. We also find, by triggering the appraisal process, North Glenn made the appraisal a condition precedent to any further action in the matter; accordingly the district court correctly ordered the appraisal. The appraisal does not determine issues of coverage but simply causation. We affirm.

I.     **Background Facts and Proceedings**

North Glenn is an association of property owners in Johnston, Iowa. On July 15, 2009, North Glenn submitted a claim under a policy issued by State Farm for hail damage sustained to a roof. The claim, in excess of $125,000, was paid. North Glenn did not repair all of the damage, electing instead to use some of the money to make other repairs and improvements to the property.

On March 22, 2011, a second storm hit the development. North Glenn filed an additional claim for wind and hail damage. A State Farm employee inspected the property and determined the hail damage was from the 2009 storm

and was not covered. The wind damage was estimated to be less than the policy deductible. A second roofing expert agreed with State Farm's assessment.

On November 11, 2011, North Glenn made a demand for appraisal, as provided for in the policy. State Farm agreed to an appraisal of the wind damage, but refused an appraisal of the hail damage. North Glenn filed a petition for declaratory judgment on March 19, 2012, requesting a determination of coverage issues, seeking an order for appraisal, and alleging a breach of contract. On March 11, 2013, North Glenn filed a motion to compel appraisal, which was granted. In its ruling, the district court analyzed the appraisal clause of the insurance contract and found the clause requires appraisers to examine the loss, which necessitates consideration of any prior loss which occurred or is no longer covered. The order does not clearly explain what the posture of the case will be after the appraisal is complete, and leaves open the question of whether the appraisers are to determine issues of causation and coverage or whether the court will make those findings as part of a later proceeding.

## II. Scope and Standard of Review

In an action for a declaratory judgment, the standard of review depends upon the nature of the action. *Van Sloun v. Agans Bros., Inc.,* 778 N.W.2d 174, 178 (Iowa 2010). The nature of the requested relief is often most informative. *Id.* Contract actions are treated as one at law. *Id.* In such a case, our review is for errors at law. *Id.*

## III. Discussion

### A. Jurisdiction

North Glenn claims we lack jurisdiction to hear this appeal because it is interlocutory in nature and State Farm failed to seek permission from our supreme court to file an interlocutory appeal.[1] Iowa Rule of Appellate Procedure 6.104(1) requires a party aggrieved by an interlocutory ruling to seek permission from our supreme court before they may appeal the ruling prior to a final judgment. Absent such permission, no interlocutory order may be appealed until after the final judgment has been entered. Iowa R. App. P. 6.103(3). Whether an interlocutory appeal shall be granted depends upon whether the decision impacts substantial rights and materially affects the final decision in such a manner that examination of it before the final judgment is issued will better serve the interests of justice. *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000).

We find the district court's ruling to be interlocutory. The petition asked for both an order for appraisal and a determination of issues of causation and coverage; the latter two remain unresolved. After the appraisal, further judicial action on the petition will be necessary. Accordingly, we grant the interlocutory appeal. We find determination of the present issues serves the interests of justice. The decision rendered by this court will have a substantial impact on the future of this case. Without a ruling from this court, it will be difficult for the appraisers to properly assess the property.

---

[1] North Glenn's challenge to the nature of the appeal was untimely because it failed to raise the issue before filing its brief on the merits. By an order of our supreme court dated January 24, 2014, we have been instructed to consider the issue of whether the district court ruling is interlocutory along with the merits of the appeal.

## B. Order for Appraisal

State Farm claims the district court erred in ordering an appraisal that requires the appraisers to make causation determinations, beyond their authority. The dispute is whether causation and coverage issues are to be determined by the appraisers, or by the court. State Farm also claims the motion to compel the appraisal should have been denied as there is no loss for the appraisers to examine. What State Farm actually sought was for the district court to decide there was no damage caused by the second storm, or the present damage was not covered by the policy. Accordingly, we are faced with two questions: first, are issues of coverage and causation reserved for judicial determination, and second, if so, must those issues be determined before an appraisal is ordered.

### 1. Causation and Coverage

"An appraisal is a supplementary arrangement to arrive at a resolution of a dispute without a formal lawsuit. Provisions for appraisal of an insurance loss, whether under policy terms or pursuant to independent agreement, are valid and binding on the parties." *Cent. Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 466 N.W.2d 257, 260 (Iowa 1991). The appraisal clause in this case reads:

> **Appraisal:** If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. pay its chosen appraiser; and
b. bear the other expenses of the appraisal and umpire equally.
If we submit to an appraisal, we will still retain our right to deny the claim.

As an initial matter, the dispute before us is a mixed issue of coverage and causation. Construction and interpretation of the contract is for the courts. *See Johnson v. Farm Bureau Mut. Ins. Co.*, 533 N.W.2d 203, 206 (Iowa 1995). Causation is the thing that produces a particular effect. Black's Law Dictionary 249 (9th ed. 2009). Coverage is the "inclusion of a risk under an insurance policy; the risks within the scope of an insurance policy." *Id.* at 422. The dispute in this case is over both what caused damage to the roof and whether that damage is covered under the policy or excluded because of North Glenn's prior compensation.

Whether an appraiser has the authority to determine causation or issues of coverage has never been fully considered by the courts of this state. Several other states have considered the issue, reaching different conclusions. A number of states have decided appraisers have no authority to consider issues of causation. State Farm primarily relies upon *Johnson v. Nationwide Mutual Insurance Company*, 828 So. 2d 1021, 1025–26 (Fla. 2002). In *Johnson*, the Florida Supreme Court considered an appraisal dispute and determined coverage decisions were to be decided by the court. The *Johnson* court also held causation is a question for the court when an insurer "wholly denies that there is a covered loss." *Johnson*, 828 So. 2d at 1022. Years earlier, the Mississippi Supreme Court limited the role of appraisers to determining the value

of the property damage. *See Munn v. Nat'l Fire Ins. Co. of Hartford*, 115 So. 2d 54, 56 (Miss. 1959). Relying principally on *Johnson*, the Alabama Supreme Court also limited the role of appraisers to determining the "amount of loss," interpreted to exclude coverage and causation questions. *See Rogers v. State Farm Fire & Cas. Co.*, 984 So. 2d 382, 391–92 (Ala. 2007).

Several other states have disagreed and held appraisers may, under certain circumstances, consider causation. Most recently, the Minnesota Supreme Court considered the question and, recognizing "the line between liability and damage questions is not always clear," held "a determination of the 'amount of loss' under the appraisal clause necessarily includes a determination of causation." *Quade v. Secura Ins.*, 814 N.W.2d 703, 706–07 (Minn. 2012). However, the Minnesota court retained questions of coverage for judicial determination. "Coverage questions, such as whether damage is excluded because it was not caused by wind, are legal questions for the court as this case goes forward." *Id.* at 707. Minnesota is not alone. Considering Delaware law and the split between the states, the United States District Court for the District of Delaware reached the same conclusion as the *Quade* court, finding the "determination of amount of loss under the appraisal clause includes a determination of causation." *CIGNA Ins. Co. v. Didimoi Prop. Holdings, N.V.*, 110 F. Supp. 2d 259, 268 (D. Del. 2000). The Texas Supreme Court similarly agrees. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 893 (Tex. 2009) ("Indeed, appraisers must always consider causation, at least as an initial matter."). Courts in other states have reached the same conclusion. *See St.*

*Charles Parish Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp. 2d 748, 757 (E.D. La. 2010) (finding causation must be considered to determine the scope of the measured loss, but finding the determinations may be judicially challenged by either party); *Coates v. Erie Ins. Exch.*, No. CL-2009-1456, 2009 WL 7416039, at *4 (Va. Cir. Ct. Nov. 4, 2009).

After a review of the opinions of the various states, we find the analysis by the Minnesota court in *Quade* persuasive. As part of the appraisal process, appraisers must determine what the amount of "loss" is, which often requires consideration of causation. As the district court pointed out, loss means the "financial detriment caused by . . . damage, for which the insurer becomes liable." Black's Law Dictionary 1030 (9th ed. 2009). Causation is an integral part of the definition of loss, without consideration of which the appraisers cannot perform their assigned function. During the appraisal process, the appraisers must consider what damage was caused by hail, and what damage was not, or damage with which they are unconcerned, such as normal wear and tear. We are convinced to hold otherwise would improperly limit the appraisal process to situations where the parties agree on all matters except the final dollar figure.

By law and under the specific terms of the appraisal clause, once the appraisers conclude their work, the issue of coverage may be further litigated by State Farm. Additionally, the causation determinations by the appraisers may be subject to further review by the district court. "This process gives force to the appraisal process but reserves to the courts the authority to decide coverage questions." *Quade*, 814 N.W.2d at 707–08. We agree with the *Quade* court that

"[w]hether the appraisal award will be conclusive on all issues will depend on the nature of the damage, the possible causes, the parties' dispute, and the structure of the appraisal award." *Id.* at 708.

### 2.  Order of Appraisal and Coverage Determination

The second question facing us is whether the district court should have ordered the appraisal process to begin before the coverage disputes were resolved.  Again, no Iowa court has directly answered the question.  Our supreme court held long ago that an outside determination of the amount of loss is not a condition precedent to further court action, so it is clear the court could consider coverage issues before an appraisal is complete.  *Barry v. Farmers Mut. Hail Ins. Ass'n*, 86 N.W. 290, 290 (Iowa 1901).

As other courts have acknowledged, there is logic in determining what the coverage is before the appraisers set about their work.  *See Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc.*, 54 So. 3d 578, 581 (Fl. Dist. Ct. App. 2011).  However, this procedure runs the risk of short-circuiting the benefits of the appraisal procedure, which is designed to be an expeditious process without the necessity of judicial intervention.  *Id.*  In *Terra Indus., Inc. v. Commonwealth Ins. Co.*, 981 F. Supp. 581, 593–94 (N.D. Iowa 1997), a federal district court applying Iowa law examined the question of whether the appraisal process must be used before other related suits may commence.  The plaintiff asserted the appraisal process was not required until triggered by one of the parties, and the court agreed.  *Terra Indus., Inc.*, 981 F. Supp. at 593-94.  After engaging in a lengthy recitation of authority that need not be repeated here, the court held

> where appraisal is demanded by either party prior to suit, under a policy with the terms dictated by Iowa Code § 515.138(6) [(1997)], completion of the appraisal process is a precondition to a suit by either party. However, where no demand for appraisal is made before suit is filed, the suit cannot be barred as premature, because appraisal is not then a precondition to suit.

*Id.* at 594. In *Terra*, no party demanded appraisal. We agree, where a party has demanded an appraisal, the process should go forward with other judicial determinations waiting until after the process has been completed. The plain language of the clause in this case supports this conclusion. The clause speaks in mandatory language and sets forth a strict and limited timeframe which would be rendered unrealistic, or that could be easily circumvented, if a question of coverage were to be raised. Additionally, the clause specifically reserves State Farm's right to challenge the coverage after the appraisal process is completed. Accordingly, we find the judicial determination of coverage need not be made before an appraisal is conducted, a decision that gives life to the terms of the contract in this case.[2]

**AFFIRMED.**

---

[2] Having determined the appraisers must consider causation and engage in the appraisal process before coverage issues are determined by the district court, we do not address State Farm's claim that only the wind damage should be appraised.