## IN THE COURT OF APPEALS OF IOWA

No. 13-2037
Filed January 28, 2015

**ANDREW RUSSELL JOHNSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Richard G. Blane II,

Judge.

        An applicant appeals from the district court's denial of his application for

postconviction relief.  **AFFIRMED.**

        Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, John P. Sarcone, County Attorney, and Steve Foritano, Assistant

County Attorney, for appellee State.

        Considered by Vaitheswaran, P.J., Potterfield, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Andrew Russell Johnson appeals from the district court's denial of his request for postconviction relief.

## I. Background Proceedings

Johnson and four codefendants were charged by trial information with murder in the first degree. The charge against Johnson was severed from the others. Pursuant to an agreement with the State, Johnson waived his right to a jury trial and agreed to a stipulated record consisting of the minutes of testimony and a record of Johnson's interview with the police. In exchange the State amended the charge to murder in the second degree. Johnson was found guilty as charged and was sentenced to a fifty-year term subject to the seventy percent mandatory minimum.

He appealed his conviction and, among other claims, asserted an ineffective-assistance-of-counsel claim based on counsel's failure to pursue a selective prosecution claim, but the conviction was affirmed by our court. *See State v. Johnson*, No. 08-0533, 2009 WL 1492551, at *8-9 (Iowa Ct. App. May 29, 2009). Johnson sought further review, and the supreme court preserved the claim of ineffective assistance of counsel based on failure to raise the issue of selective prosecution, but otherwise the conviction was affirmed. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Johnson initiated this postconviction relief proceeding by filing a pro se application on December 9, 2010. The only issues before the court in this appeal from the postconviction trial court's decision is Johnson's claim his trial counsel in the underlying proceeding was ineffective for failing to raise the issue of selective

prosecution and the further claim that postconviction trial counsel did not adequately address the issue.

## II. Background Facts

The underlying facts are set out in the court of appeals decision, which affirmed his conviction, and need not be reiterated except for the facts relevant to Johnson's current claims.

Matthew Stegman was brutally murdered in the Des Moines Woodland Cemetery on September 3, 2006. The murder was planned by Johnson's codefendants Robert Meyers and Terry Williams. Stegman, Meyers, Williams, and Johnson, along with Sherri Fisher, Alexandra Habeck, Robert Johnston, and Thomas Ransom all gathered together at an apartment building where most of them resided. In accordance with Meyers's and Williams's plan, Stegman was escorted by Williams and Johnson to the cemetery. Stegman was led to believe he and Johnson were going to fight. But Johnson knew of the plan made by Williams and Meyers that Stegman was to be killed, and Johnson armed himself with a knife. The others, except for Ransom, went to the cemetery by a different route but all arrived at the same point. When Stegman, accompanied by Williams and Johnson, arrived at the agreed upon point, Stegman was immediately knocked to the ground where he was repeatedly kicked. Fisher, Johnston, and Johnson left the cemetery, but Williams and Meyers stayed behind and proceeded to stab Stegman until he was dead.

Williams's case was tried to a jury and he was found guilty of first-degree murder and was sentenced to prison for life. Meyers's case was tried to the court on a stipulation on the minutes, and he was found guilty of first-degree murder

and was sentenced to prison for life. Johnston waived a jury trial, stipulated to the minutes attached to the trial information that had been amended to second-degree murder and willful injury, and was found guilty of both counts. Johnston was sentenced to prison for a term not to exceed fifty years and not to exceed ten years on the respective convictions. The sentences were ordered to run consecutively. The second-degree murder conviction included the mandatory seventy percent incarceration requirement. Fisher pled guilty to attempted murder and willful injury causing serious injury and was sentenced to prison for twenty-five years on the attempted murder charge, which included the seventy percent mandatory incarceration requirement, and was sentenced to ten years on the willful injury charge. The two sentences were ordered to be served consecutively. Alexandra Habeck and Charles Ransom were not charged.

Johnson contends he was selectively prosecuted or sentenced because he was gay and male, while those not prosecuted or receiving a lesser sentence are female or heterosexual. Johnson claims his trial counsel was ineffective for failing to raise a claim of selective prosecution in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Johnson requests that his conviction be vacated and the case be remanded for a new trial or that the postconviction proceeding be remanded for further development of the selective-prosecution claim.

### III. Scope of Review

Postconviction-relief proceedings are generally reviewed for errors of law, but when constitutional issues are raised, they are reviewed de novo. *Castro v.*

*State*, 795 N.W.2d 789, 792 (Iowa 2011). Ineffective assistance of counsel and a claim of selective prosecution both raise constitutional issues.

## IV. Error Preservation

The ordinary rules of error preservation do not usually apply to claims of ineffective assistance of counsel. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

## V. Discussion

To prevail on an ineffective-assistance-of-counsel claim the claimant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Generally a prosecutor has discretion in determining who to prosecute and what charge to file. *State v. Anspach*, 627 N.W.2d 227, 233 (Iowa 2001). Prosecutorial discretion in law enforcement is exceedingly broad, and a constitutional violation takes place only when the selection is deliberately based on an unjustified standard such as race, religion, or some other arbitrary classification. *State v. Durrell*, 300 N.W.2d 134, 136 (Iowa 1981). Support for a selective-prosecution claim requires the claimant to make a showing that "the passive enforcement system had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte v. United States*, 470 U.S. 598, 608 (1985).

There is no evidence Johnson was targeted because of his sexual orientation. The only point in the entire record that mentioned his sexual orientation was his statement in the police interview where he stated, "I had blue jeans, they look like girls (sic) jeans because I'm gay, but blue jeans . . . ." The

trial court noted, "Petitioner could not point to anything else in the record that would indicate any police investigation decision, prosecution charging decision, or plea bargain decision was based on his homosexuality." Again on appeal Johnson has not directed the court to any such reference in the record to his sexual orientation. One of his trial counsels testified he could not recall any issue in the proceeding related to Johnson's sexual orientation. It would be difficult for defense counsel to object to an abuse of prosecutorial discretion in any charging instrument or plea agreement when the claimed discriminatory classification was never knowingly considered, discussed, or even mentioned.

The facts themselves justify the treatment of the various defendants. Williams, Meyers, and Johnston all received greater sentences than Johnson. Ransom was not charged, but the evidence does not indicate he was at the cemetery at the time of the murder or was otherwise involved.

That leaves only Alexandra Habeck and Sherri Fisher, both of whom are females and are presumably heterosexual. To that extent, they are in a different classification from Johnson. However, Habeck was a key witness for the prosecution and assisted in the collection of the evidence and was not central to the conspiracy to kill Stegman. There was no evidence Habeck struck or attacked Stegman. Fisher was also at the cemetery, but there was little evidence she was involved in the conspiracy. She did not personally escort the victim to the site knowing that others were lying in wait to murder him. There is no evidence she was armed with a knife, as was Johnson. The facts of the case justify disparate treatment of the parties involved. Counsel was not ineffective for

failing to raise a meritless claim. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

Johnson contends ineffective assistance of postconviction relief counsel justifies sending this matter back for a further record and asks that the issue be preserved for a further postconviction-relief proceeding. The issue of selective prosecution had been expressly reserved for the postconviction relief proceeding by the supreme court on Johnson's appeal of the conviction. The issue of selective prosecution was before the court and postconviction trial counsel made an extensive record concerning Johnson's claim. Johnson asserts postconviction relief counsel should have called law enforcement or his primary defense counsel. To obtain the relief Johnson requests it is necessary for him to allege what the testimony would have been as well as how it would have impacted the result of the postconviction relief proceeding. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Johnson did not do so. As in *Dunbar*, the claims are very nonspecific and inadequate to resolve or retain them for a further postconviction proceeding. *See id.*

A claim of ineffective assistance of counsel must overcome the presumption that counsel is competent. *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). Vague speculation that some uncalled witness might have in some way supported Johnson's claim is entirely speculative and does not support the relief requested. The general rule is that once an issue is before the court an applicant cannot file a series of postconviction relief proceedings to relitigate the issue once it has been decided. *Schertz v. State*, 380 N.W.2d 404, 412 (Iowa 1985).

Johnson filed a pro se brief pointing out a conflict in the evidence, a failure to provide effective assistance of counsel in that there was a failure to pursue a claim of diminished capacity, and a failure to call certain witnesses first named in his brief. Johnson raised the issue of his mental capacity and the insufficiency of the evidence on the direct appeal. *See Johnson*, 784 N.W.2d at 193. Matters raised on direct appeal are not reconsidered in a postconviction proceeding. *Wycoff v. State*, 382 N.W.2d 462, 465 (Iowa 1986). Johnson included two names in his pro se brief that he contends should have been called as defense witnesses, but the specific names set out were never previously mentioned in the postconviction relief proceeding or otherwise. An appellate court cannot review an alleged error when there is no record to review. *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002). The ruling of the trial court is affirmed, and Johnson's request to send this case back for further record is denied.

**AFFIRMED.**