# IN THE COURT OF APPEALS OF IOWA

No. 16-0912
Filed July 6, 2017

**NORTH GLENN HOMEOWNERS ASSOCIATION,**
    Plaintiff-Appellee,

**vs.**

**STATE FARM FIRE AND CASUALTY COMPANY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


The defendant appeals the district court order enforcing an appraisal

award for plaintiff's damages due to a wind and hail storm. **AFFIRMED.**


Mark W. Thomas and Laura N. Martino of Grefe & Sidney, P.L.C., Des

Moines, for appellant.

Travis J. Burk and Rachel L. De Vries of Hope Law Firm, P.L.C., West

Des Moines, for appellee.


Heard by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

State Farm Fire and Casualty Company appeals the district court's order enforcing an appraisal award for North Glenn Homeowners Association's damages due to a wind and hail storm. We find State Farm was not denied due process by the contractual appraisal process, in which the parties may resolve a dispute without a formal lawsuit or without a trial. We also conclude the district court did not err in concluding State Farm was not entitled to a trial on the merits under the circumstances presented here and State Farm did not show one of the appraisers was biased. We affirm the district court decision granting North Glenn's motion to enforce the appraisal award.

## I.    Background Facts & Proceedings

In a previous appeal in this matter, we stated:

> North Glenn is an association of property owners in Johnston, Iowa. On July 15, 2009, North Glenn submitted a claim under a policy issued by State Farm for hail damage sustained to a roof. The claim, in excess of $125,000, was paid. North Glenn did not repair all of the damage, electing instead to use some of the money to make other repairs and improvements to the property.
>     On March 22, 2011, a second storm hit the development. North Glenn filed an additional claim for wind and hail damage. A State Farm employee inspected the property and determined the hail damage was from the 2009 storm and was not covered. The wind damage was estimated to be less than the policy deductible. A second roofing expert agreed with State Farm's assessment.

*N. Glenn Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 854 N.W.2d 67, 68 (Iowa Ct. App. 2014).

North Glenn requested an appraisal of its damages from the 2011 wind and hail storm under a provision in its insurance policy with State Farm, which stated:

3

> **Appraisal.** If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
> If we submit to an appraisal, we will still retain our right to deny the claim.

State Farm denied the request for an appraisal under this provision and North Glenn filed an action in district court. Before a trial was held, North Glenn filed a motion to compel an appraisal, and in light of this, the parties agreed to continue the trial. The district court determined State Farm should submit to an appraisal and State Farm appealed. We found the appeal was interlocutory and determined the case should be resolved as an interlocutory appeal. *Id.* at 69.

We determined an appraisal would include the issue of causation because "[c]ausation is an integral part of the definition of loss." *Id.* at 71. We determined the appraisal could go forward before the issue of coverage was resolved. *Id.* at 72. We stated, the appraisal "clause specifically reserves State Farm's right to challenge the coverage after the appraisal process is completed." *Id.*

The parties proceeded with the appraisal. North Glenn designated Paul Norcia as its appraiser and State Farm designated Kevin Godwin. The parties were unable to agree to an umpire and the district court appointed Jeffrey Winkler. Norcia and Winkler determined the replacement cost of North Glenn's

loss was $416,213 and the actual cash value of the loss was $332,970. Godwin did not sign the appraisal award. Under the appraisal provision in the insurance policy, a decision by any two members of the appraisal panel was binding.

State Farm filed a motion for a trial setting conference, stating following the appraisal there should be a trial on the issues of causation and coverage. North Glenn resisted the motion, claiming there was no issue as to coverage and the issue of causation had been decided by the appraisal panel. North Glenn filed a motion to enforce the appraisal award. State Farm resisted North Glenn's motion, stating the appraisal award was not conclusive on the issue of whether North Glenn's damages were caused by the 2011 wind and hail storm, rather than the 2009 wind and hail storm.

After a hearing, the district court ruled:

> If the appraisal panel has made a determination that the amount of loss quantified in its award was caused by the 2011 storm, that determination is binding on the parties, and there is nothing more for the court to do, absent an argument that the loss is somehow excluded under the policy as a covered loss. On the other hand, if the panel has made its determination in a way that invades the authority of the court to decide coverage questions, that part of the award may be judicially challenged.

The court determined,

> [T]he best approach at this point is to schedule an evidentiary hearing to allow the concurring members of the panel to testify regarding their methodology in coming to the conclusions reached in the appraisal award and to what extent, if any, they considered the issue of whether the amounts of loss contained within the award were causally connected to the prior storm in 2009.

The court concluded it would hear the testimony of Norcia and Winkler before determining whether the appraisal award was binding on the parties.

The hearing was held on April 14, 2016. Winkler testified he assumed all of the hail damage to the roofs was due to the 2011 hail storm because he believed North Glenn had repaired the damage from the 2009 hail storm. Winkler testified even if a portion of the amount North Glenn received for the 2009 storm was spent to make repairs,[1] he still would have awarded damages for the full replacement cost of the roofs, based on the damage he saw. Norcia testified he believed all the damage to the roofs was from the 2011 storm. He stated he believed the amount of damages was greater than $416,213 and he compromised with Winkler to reach this amount.

State Farm informed the court Godwin was available to testify at the hearing. The court stated:

> I don't see any reason to call Mr. Godwin for two reasons. Number one, he didn't sign off on the award, and it's pretty clear from both of the witnesses who did testify that he was not involved in the final discussions that led up to that award. So I believe I have what I need from what—my previous order from these two to assess the issues that remain to determine what path this case is going to be taking from here on.

After the hearing, North Glenn filed a brief requesting the court to enforce the appraisal award. It stated the appraisal award should not be set aside in the absence of fraud, mistake, or malfeasance. State Farm's brief stated it should be able to complete discovery and present evidence on its claim the appraisal award included damages caused by the 2009 wind and hail storm. It claimed it was denied due process because it was not able to fully present evidence in the case, including testimony by Godwin and others. State Farm further stated Norcia was

---

[1] There was evidence North Glenn used $3750 from the payment it received from State Farm for the 2009 storm damage for the repair of garage headers, rather than repair of the roofs.

not "competent and impartial," as required by the appraisal provision in the insurance policy. In addition, State Farm pointed out the policy stated, "If we submit to an appraisal, we still retain our right to deny this claim," and claimed a trial was necessary to determine if North Glenn's claim should be denied. It stated under the policy at issue here there was no coverage for damages sustained in 2009.

The district court determined "the appraiser panel reached a binding decision that the damages covered in the appraisal award were the result of a hailstorm that took place in 2011 and did not include damage from a prior hailstorm in 2009." The court found Winkler testified the roofs would have to be replaced due to the damage from the 2011 wind and hail storm, regardless of whether they also had damage from the 2009 storm. Norcia testified all of the damage to the roofs was from the 2011 storm. The court found there were no coverage issues to be determined. The court also concluded the appraisal process did not deprive State Farm of due process. The court granted North Glenn's motion to enforce the appraisal award and denied State Farm's motion for a trial setting conference. State Farm appeals the decision of the district court.

## II.    Standard of Review

In an action for a declaratory judgment, the standard of review depends upon the nature of the action. *N. Glenn Homeowners Ass'n*, 854 N.W.2d at 68 (citing *Van Sloun v. Agans Bros., Inc.,* 778 N.W.2d 174, 178 (Iowa 2010)). The nature of the requested relief is often most informative. *Id.* Contract actions are treated as one at law. *Id.* In such a case, our review is for errors at law. *Id.*

On constitutional issues, however, our review is de novo.  *See Staff Mgmt. v. Jimenez*, 839 N.W.2d 640, 652 (Iowa 2013).

**III.    Due Process**

**A.**    State Farm claims the appraisal process deprived it of a meaningful opportunity to be heard.  Under the Fifth Amendment to the United States Constitution and Article I, section 9 of the Iowa Constitution, a person should not be deprived of property without due process of law.  "Due process has two fundamental requirements: notice and opportunity to be heard."  *In re Estate of Adams*, 599 N.W.2d 707, 710 (Iowa 1999).  According to State Farm, the district court should have permitted it to complete discovery and present the testimony of Godwin.

In discussing the appraisal process, our supreme court has stated:

> An appraisal is a supplementary arrangement to arrive at a resolution of a dispute without a formal lawsuit.  Provisions for appraisal of an insurance loss, whether under policy terms or pursuant to independent agreement, are valid and binding on the parties.  Appraisal awards do not provide a formal judgment and may be set aside by a court.  When reviewed, the award is supported by every reasonable presumption and will be sustained even if the court disagrees with the result.  We have reasoned that private resolution of disputes is favored by the law because it serves as an inexpensive and speedy means of settling disputes over matters such as the amount of loss and value of the property in question.  The award will not be set aside unless the complaining party shows fraud, mistake or misfeasance on the part of an appraiser or umpire.

*Cent. Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 466 N.W.2d 257, 260 (Iowa 1991) (citations omitted).

The contractual appraisal process has been considered a form of arbitration and the law governing arbitration was found to be applicable to

appraisals. *Meyer v. State Farm Fire & Cas. Co.*, 582 A.2d 275, 276 (Md. Ct. Spec. App. 1990). The United States Supreme Court has stated, "Hence the requirement that disputes of this type arising under this special class of insurance contracts be submitted to arbitrators cannot be deemed to be a denial of either due process or equal protection of the laws." *Hardware Dealers' Mut. Fire Ins. Co. v. Glidden Co.*, 284 U.S. 151, 159 (1931). On a due process challenge to an arbitration clause, our supreme court stated, "The rule in more recent cases, the one which we strongly prefer and adopt, is that constitutionality of an arbitration is not compromised by the fact that one party is required to submit to it as a condition for entering a specific activity." *Reicks v. Farmers Commodities Corp.*, 474 N.W.2d 809, 811 (Iowa 1991).

We conclude State Farm was not denied due process by the contractual appraisal process, in which the parties may resolve a dispute without a formal lawsuit or without a trial.[2] *See Hardware Dealers' Mut. Fire Ins. Co.*, 284 U.S. at 159-60; *Cent. Life Ins. Co.*, 466 N.W.2d at 260.

**B.** State Farm also raises a claim the district court should have permitted Godwin to testify at the hearing and permitted it to present additional evidence. The appraisal provision in the parties' contract stated, "A decision agreed to by any two will be binding." Under this provision, the agreement of Winkler and Norcia was sufficient to support the appraisal report. Winkler and Norcia both testified the appraisal award was based on damages to North

---

[2] We note the North Carolina Court of Appeals has determined a statutory provision requiring an appraisal provision in insurance policies issued in North Carolina did not deprive due process to the parties involved in the appraisal process. *See Bentley v. N. Carolina Ins. Guar. Ass'n*, 418 S.E.2d 705, 709-10 (N.C. Ct. App. 1992).

Glenn's property due to the 2011 wind and hail storm. We conclude State Farm was not denied due process, based on the specific language of the appraisal provision in State Farm's insurance policy stating a decision by any two of the appraisers would be binding.

Additionally, we find State Farm did not preserve error on any arguments concerning the content of Godwin's testimony because it did not make an offer of proof as to his proposed testimony. In general, when a court refuses to allow a witness to testify, the party seeking to present the witness's testimony has "the burden to demonstrate the substance of [the witness's] proposed testimony by an offer of proof." *Strong v. Rothamel*, 523 N.W.2d 597, 599 (Iowa Ct. App. 1994).

## IV. Trial on the Merits

State Farm claims it is entitled to a trial on the merits based on the language in the parties' contract which states, "If we submit to an appraisal, we will still retain our right to deny the claim." In our previous decision, we determined the issue of causation should be considered during the appraisal process. *N. Glenn Homeowners Ass'n*, 854 N.W.2d at 70-71. We determined:

> By law and under the specific terms of the appraisal clause, once the appraisers conclude their work, the issue of coverage may be further litigated by State Farm. Additionally, the causation determinations by the appraisers may be subject to further review by the district court. "This process gives force to the appraisal process but reserves to the courts the authority to decide coverage questions." *Quade* [*v. Secura Ins.*], 814 N.W.2d [703,] 707–08 [(Minn. 2012)]. We agree with the *Quade* court that "[w]hether the appraisal award will be conclusive on all issues will depend on the nature of the damage, the possible causes, the parties' dispute, and the structure of the appraisal award." *Id.* at 708.

*Id.* at 71.

Based on our previous decision, the statement in the parties' contract, "If we submit to an appraisal, we will still retain our right to deny the claim," refers to State Farm's ability to litigate the issue of coverage. *See id.* The district court found, "No such coverage question has been brought to the court's attention; it is undisputed that both hail and wind damage are covered risks under the policy in question." Because no issue of coverage was raised, no further litigation was necessary on this issue.

Furthermore, our statement in the earlier case, "Additionally, the causation determinations by the appraisers may be subject to further review by the district court," *N. Glenn Homeowners Ass'n*, 854 N.W.2d at 71, makes reference to the rule an appraisal "award will not be set aside unless the complaining party shows fraud, mistake or misfeasance on the part of an appraiser or umpire." *See Cent. Life Ins. Co.*, 466 N.W.2d at 260. State Farm has not raised a claim there was fraud, mistake, or misfeasance by an appraiser or umpire.[3] Therefore, there is no need for a trial on the issue of causation.

We conclude the district court did not err in concluding State Farm was not entitled to a trial on the merits under the circumstances presented here.

## V.    Bias of Appraiser

Finally, State Farm claims the appraiser appointed by North Glenn, Norcia, was not impartial. The appraisal provision in the insurance policy stated,

---

[3] The district court found, "The closest the defendant comes in this regard is its contention that Mr. Norcia was not impartial as required under the policy." State Farm's brief after the hearing on April 14, 2016, did not raise any claims regarding fraud, mistake, or misfeasance by an appraiser or umpire. We regard the claim of bias by Norcia to be a separate issue arising from the specific terms of the appraisal provision in the parties' contract stating appraisers should be "competent and impartial."

"each party will select a competent and impartial appraiser." At the hearing, State Farm presented evidence Norcia testified in a different proceeding he would say anything his client asked of him because that's how he got paid. State Farm claims Norcia was an advocate for North Glenn, rather than an impartial and disinterested appraiser.

Our supreme court stated:

> The appraisal procedure involves an adjudication of a dispute between parties; however, the selected participants must act fairly, without bias, and in good faith. The intent of the appraisal procedure is not to provide appraisers who possess the total impartiality that is required in a court of law. The appraisers do not violate their commitment by acting as advocates for their respective selecting parties. However, appraisers should be in a position to act fairly and be free from suspicion or unknown interest.

*Cent. Life Ins. Co.*, 466 N.W.2d at 261. The court concluded an appraiser who was to receive a contingency fee based on the amount of the appraisal award was not disinterested "because he had a direct financial interest in the dispute." *Id.*

The district court ruled:

> While it is clear from his testimony (as well as from the email exchanges discussed in the court's prior ruling) that Mr. Norcia's beliefs are deeply held, the court is unwilling to agree with the defendant that his opinions should be rejected out of hand, especially since the umpire concurs with the award.

As an appraiser, Norcia did not violate his commitment by acting as an advocate for North Glenn. *See id.* Also, Winkler, the umpire, agreed with Norcia's view as to the extent of North Glenn's damages. We find no error in the district court's conclusion there was not an adequate showing Norcia was not a "competent and impartial appraiser."

We affirm the district court decision granting North Glenn's motion to enforce the appraisal award.

**AFFIRMED.**