# IN THE COURT OF APPEALS OF IOWA

No. 20-1273
Filed March 2, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**COREY LARVICK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

Corey Larvick challenges the denial of his application to modify sex-offender-registration requirements. **WRIT ANNULLED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Heard by Vaitheswaran, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Corey Larvick pleaded guilty to incest in 2012 and was sent to prison. The victim of his crime was the older of his two daughters. She was fifteen to seventeen years old at the time Larvick committed the crime. In addition to his five-year prison term, Larvick was sentenced to a ten-year sex offender special sentence. *See* Iowa Code § 903B.1 (2012). Prior to his release from prison, Larvick completed a sex-offender-treatment program. Larvick was released from prison in 2015 and discharged his special sentence in 2019. Because he is classified as a tier II sex offender, Larvick is required to register as a sex offender for ten years, beginning when he was released from prison in 2015. *See id.* §§ 692A.102(b)(18) (classifying a person convicted of incest against a minor as a tier II offender), 692A.103(1) (directing the registration requirement to commence from the date of release from incarceration), 692A.106(1) (requiring a ten-year registration period).

In 2020, Larvick underwent an assessment by the Iowa Department of Correctional Services resulting in the determination that he is at low risk to reoffend. Based on his assessment as low risk and believing he satisfied all threshold requirements, Larvick applied for modification of his sex-offender-registry requirements under Iowa Code section 692A.128 (2020). He sought to be relieved of all registration requirements.

The district court conducted a hearing and determined that Larvick meets the statutory threshold requirements for modification, but ultimately denied the request because the court found that Larvick still posed a risk to the public, especially his thirteen-year-old daughter (the younger of his two daughters).

Larvick filed a notice of appeal. He claims the district court abused its discretion in denying his application to modify registry requirements.

## I.      Standard of Review

Iowa Code section 692A.128 authorizes the district court to modify sex-offender-registry requirements if certain criteria are met. *Becher v. State*, 957 N.W.2d 710, 714 (Iowa 2021). Our review of the district court's determination regarding satisfaction of those criteria is for correction of errors at law. *Id.* After the criteria are met, the district court has discretion whether to grant the requested modification. *Id.* (holding that section 692A.128(5)'s use of the word "may" in reference to the ability to grant the application for modification shows the legislature's intention to confer discretionary power, not a mandatory requirement). Accordingly, we review this part of the district court's decision for an abuse of discretion. *Id.* "A court abuses its discretion when its ruling is based on grounds that are unreasonable or untenable. A ruling is clearly unreasonable or untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (internal citations and quotation marks omitted).

## II.     Jurisdiction and Manner of Review

Before getting to the merits of Larvick's challenge, we must first address the State's contention that Larvick does not have the right to directly appeal the denial of his application for modification because it was filed within the existing criminal file rather than starting an original civil action. We agree with the State. While Larvick contends this issue was not preserved for appeal because it was not raised below, we reach the merits of this jurisdictional argument because such issues

may be raised at any time. *See State v. Todd*, No. 19-2001, 2021 WL 3075756, at *3 (Iowa Ct. App. Jul. 21, 2021) (stating "we have a responsibility to police our jurisdiction" and "an absence of subject matter jurisdiction may be raised . . . at any time" (alteration in original) (quoting *Van Sloun v. Agan Bros., Inc.*, 778 N.W.2d 174, 183 (Iowa 2010))).

We must be conferred jurisdiction to hear an appeal either constitutionally or statutorily. *State v. Propps*, 897 N.W.2d 91, 96 (Iowa 2017). Iowa Rule of Appellate Procedure 6.103(1) provides that "[a]ll final orders and judgments of the district court involving the merits or materially affecting the final decision may be appealed to the supreme court, except as provided in this rule, rule 6.105, and Iowa Code sections 814.5 and 814.6." Because Larvick filed his application for modification in his criminal case, we look to Iowa Code section 814.6 for jurisdiction to hear the appeal. Section 814.6(1) grants a right to appeal from "[a] final judgment of sentence" or "[a]n order for the commitment of the defendant for insanity or drug addiction." The denial of an application to modify sex-offender-registry requirements is neither a final judgment of sentence nor an order for commitment for insanity or drug addiction. *Todd*, 2021 WL 3075756, at *3 ("[T]he order [denying an application to modify sex-offender-registry requirements] was not a judgment, it was a decision denying the application."); *see also Propps*, 897 N.W.2d at 96 ("[F]inal judgment in a criminal case means sentence. In criminal cases, as well as civil, the judgment is final for the purpose of appeal when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce by execution what has been determined. In contrast, decisions, opinions, findings, or verdicts do not constitute a judgment or decree."

(internal citations and quotation marks omitted)). Accordingly, we agree with the State that we lack subject matter jurisdiction to hear this matter as a direct appeal. However, we disagree with the State that we should dismiss the appeal.

We have previously found that appellate review of the denial of an application to modify sex-offender-registry requirements should not be initiated as a direct appeal but instead as a petition for writ of certiorari under Iowa Rule of Appellate Procedure 6.107(1)(a). *See Todd*, 2021 WL 3075756, at *3. Even though Larvick used an incorrect method for seeking our review, we may still reach the merits of his argument. "[I]f a case is initiated by a notice of appeal, but another form of review is proper, we may choose to proceed as though the proper form of review was requested by the defendant rather than dismiss the action." *Propps*, 897 N.W.2d at 97 (citing Iowa R. App. P. 6.108). We choose to proceed as though Larvick filed a petition for writ of certiorari. We grant the writ and proceed to the merits.

## III.     Analysis of the Merits

The purpose of Iowa Code chapter 692A is not to further an offender's punishment, but to ensure public safety when offenders are released and given access to the public. *State v. Iowa Dist. Ct.*, 843 N.W.2d 76, 81 (Iowa 2014). Iowa Code section 692A.128 permits offenders to apply to the district court for modifications to their sex-offender-registry requirements. To qualify for modification, an offender must establish several statutory threshold requirements. *Fortune v. State*, 957 N.W.2d 697, 703 (Iowa 2021). Once those requirements are established, the district court may consider modification of the registration requirements. *Id.*

### A.     Threshold Requirements

As noted, the first step of the modification process is determining whether Larvick established the statutory threshold requirements, which are: (1) "the offender must have 'successfully completed all sex offender treatment programs that have been required'"; (2) "the offender must show that '[a] risk assessment has been completed and the sex offender was classified as a low risk to reoffend'"; (3) "the offender must not be 'incarcerated when the application is filed'"; and (4) for a tier II sex offender, such as Larvick, "at least five years must have elapsed since the registration requirement began." *Id.* (alteration in original) (quoting Iowa Code § 692A.128(2)(a)–(d)). The parties stipulated that all four requirements were met, and the district court so found. Neither party challenges these findings, so we proceed to the second step of the modification process.

### B.     Whether Modification Should Be Granted

As the statutory threshold requirements were satisfied, the district court then had discretion whether to modify Larvick's registration requirements. *See id.* at 705. "In this second step, the district court should consider the statutory factors and any other factors that the district court finds relevant to the modification issue." *Id.* "[T]he district court should consider only those factors that bear on whether the applicant is at low risk to reoffend and there is no substantial benefit to public safety in extending the registration requirements." *Id.* at 706. "'[L]ow risk' does not mean *no risk*" and "[t]he threat to public safety must be tied to the individual applicant and the record established in each case." *Id.* "[T]he district court must take care to ensure that public safety, and not punishment, provides the lens through which facts are evaluated." *Id.* at 707. Our sex-offender-registry requirements pass

constitutional muster because they are focused on public safety rather than punishment. *See State v. Huntoon*, No. 20-1405, 2021 WL 3076376, at *2 (Iowa Ct. App. Jul. 21, 2021). Although modification of registration requirements is discretionary, discretion is abused if the district court "fails to consider a relevant factor, or considers an improper or irrelevant factor, on the question of whether the ongoing risks of danger from the sex offender justifies continuation of the registration requirements." *Fortune*, 957 N.W.2d at 707.

Larvick's primary contention is that because he was assessed as low risk to reoffend, the district court abused its discretion in denying his application to modify the sex-offender-registry requirements. The State does not contest that Larvick has been assessed as low risk to reoffend. Larvick insists, however, that because he has been assessed as low risk, that should be the overriding consideration for the district court and thereby the denial of his application for modification was an abuse of discretion.

To assess Larvick's claim, we look to the district court's ruling, which, in pertinent part, states the following regarding its decision to deny the application for modification:

> The objections to the application for removal focus in part upon the acts resulting in Larvick's conviction. As these relate to punishment, they are not being considered. The objections do demonstrate a pattern of conduct which continued for a long period of time. The evidence also demonstrates behavior which was manipulative and controlling. Based upon who the applicant is, not what he did, it is the [c]ourt's conclusion that for the protection of the public, specifically the protection of a 13-year-old child, continued compliance with the registration requirement is required.

To assess these findings, we look to the evidence submitted. There is substantial evidence to support the following findings. Larvick committed the crime of incest

by performing a sex act with his older daughter when she was approximately fifteen to seventeen years old. Coinciding with his incarceration for that crime, Larvick's wife divorced him and Larvick's parental rights to both of his daughters were terminated. After Larvick's release from prison, he rekindled his relationship with his ex-wife, the mother of his two daughters. The younger of his daughters is now thirteen, approaching the age of the older daughter when Larvick sexually abused her. Several individuals, including the older daughter, detailed Larvick's history of manipulative and controlling behaviors, especially as directed toward his now ex-wife and older daughter. The older daughter stated, and the district court found credible, the notion that Larvick has the ability to appear law-abiding while engaging in abusive, manipulative, and controlling behavior behind closed doors. The evidence also supports finding that the now ex-wife—with whom Larvick has rekindled his relationship—was aware of the abusive behavior in the home when the older daughter was sexually abused and was unable or unwilling to protect the victim. These circumstances are strikingly similar to the pattern developing regarding the younger daughter, with whom Larvick is now potentially gaining access because of his relationship with the mother. As the older daughter stated, the mother is not providing the younger daughter with necessary information about Larvick, giving rise to the potential for future abuse of the younger daughter.

Larvick insists the district court abused its discretion because there is no evidence that he is a risk to his thirteen-year-old daughter and continued compliance with registration requirements would not provide any protection to her. We find no such abuse of discretion. As our supreme court has noted,

In some cases, however, it may be possible to identify increased risk based upon what appears to be repeated patterns of behavior that looks more suspicious in light of the facts of the underlying crime. For instance, an offender who loiters at the same location as a past offense might raise concerns. To that extent, the similarity of patterns between past offenses and present behavior could be quite relevant. The focus, however, must be on the present danger or threat to public safety, not on punitive response to past crime.

*Id.* at 709. In light of this guidance, we find no abuse of discretion in the district court's conclusion. There is a repeated pattern of Larvick utilizing his relationship with the mother of his biological daughters to have access to those daughters. He has already sexually abused the older child, and the pattern suggests he is a potential danger to the younger. The fact that the district court had safety concerns for a specific person in addition to the public in general does not constitute an abuse of discretion. The younger daughter is a member of the public. As the goal of sex-offender-registration requirements is to ensure public safety, that goal is advanced by protecting all members of the public, which includes Larvick's younger daughter.

**IV.  Conclusion**

We find no abuse of discretion in the district court's decision to deny Larvick's request for modification of his registration requirements. The district court relied on relevant information in addition to Larvick's low-risk classification. The court also focused the decision on concerns for public safety, including that of Larvick's younger daughter, not on punishment for past occurrences.

**WRIT ANNULLED**.